<hr />

MORRIS LOOKNER *vs.* THE NEW YORK, NEW HAVEN AND HARTFORD RAILROAD COMPANY & another.

Middlesex. December 9, 1955. — February 6, 1956.

Present: QUA, C.J., WILKINS, SPALDING, WILLIAMS, & WHITTEMORE, JJ.

*Negligence,* Platform, One owning or controlling real estate.

Evidence that a business visitor standing on a platform in front of a warehouse stepped back to avoid a hand truck approaching him and fell into an open, unguarded space containing a fire hydrant and breaking the continuity of the platform did not warrant a finding of negligence toward him on the part of the one in control of the platform where the unguarded space was obvious and its existence had admittedly been long known to the visitor.

TORT. Writ in the Superior Court dated December 8, 1950.

The case was tried before *Warner, J.*

*Maurice H. Kramer,* for the plaintiff, submitted a brief.

*William J. Noonan,* for The New York, New Haven and Hartford Railroad Company.

Lookner *v*. New York, New Haven & Hartford Railroad.

*Walter F. Henneberry,* (*Arthur L. Brown* with him,) for Boston Market Terminal Company.

WILLIAMS, J. This is an action of tort to recover for personal injuries received by the plaintiff on January 19, 1950, by falling from a platform in front of a fruit and vegetable terminal warehouse at C and Fargo streets, South Boston. The declaration contains separate counts against each defendant. There was evidence that the warehouse consisted of three houses numbered 10, 11, and 12, each about 800 feet in length, adjacent to the tracks of the defendant railroad. Open platforms from four to five feet in width extended along the entire fronts of these houses. Doors from the houses opened upon the platforms. Between doors numbered 18 and 19 in house 11 the continuity of the platform was broken by a space from four to six feet wide in which a fire hydrant was located. The defendant Boston Market Terminal Company leased the premises from the railroad. On the day the plaintiff was injured he had gone with his truck to the warehouse to make a purchase. He was standing on the platform near door 19 waiting for his truck to back up to the platform when a small two wheeled truck which was being pushed along the platform approached him. He stepped back to get out of its way and fell into the space between the two ends of the platform. He admittedly knew that the space was there and that for a period of from five to six months prior to his accident it had not been guarded by any barrier. Each defendant rested at the conclusion of the plaintiff's evidence and moved for a directed verdict. Each motion was allowed and the plaintiff excepted.

Assuming without deciding that there was evidence of the plaintiff's due care and evidence from which it could be found that one or both of the defendants were legally in control of the platform, we think that there was no evidence of negligence on the part of either defendant. It is settled that one who is in control of land or buildings owes to business visitors the duty to use reasonable care to keep the premises in a reasonably safe condition for the use of such visitors according to the invitation extended to them, or at

least to warn them of dangers which are known or should
be known to him but are not obvious to the ordinary person.
*LeBlanc* v. *Atlantic Building & Supply Co. Inc.* 323 Mass.
702, 705, and cases cited. Here the unguarded space was
not only obvious to any visitor but its existence had long
been known to the plaintiff. In its facts the case is like
*Flynn* v. *Cities Service Refining Co.* 306 Mass. 302, where a
child visiting a gasoline station with her father who was a
business visitor fell into a deep unguarded pit. There we
said at page 304, "It could not have been found that the de-
fendant owed any duty to the father of the plaintiff to main-
tain a fence, rail or other barrier around the pit to guard
against the danger of falling into it obvious to any ordinarily
intelligent person." There was no error in allowing the de-
fendants' motions. Exceptions taken by the plaintiff to the
exclusion of evidence have not been argued and are deemed
to have been waived.

*Exceptions overruled.*