MARY ROBICHEAU vs. SUPREME MARKETS, INC.

Suffolk.     February 7, 1956. — February 29, 1956.

Present: QUA, C.J., RONAN, SPALDING, COUNIHAN, & WHITTEMORE, JJ.

*Negligence*, Store, Contributory. *Evidence*, Relevancy and materiality.

A finding of negligence on the part of the proprietor of a store toward a customer in the florist department thereof was warranted, and a finding of contributory negligence on the part of the customer was not required, by evidence that the customer, after proceeding up an aisle two or three feet wide formed by pots, baskets and boxes to a counter where she inquired about prices, turned to leave the counter, caught her foot on a box of potted plants five to eight inches in height, and fell. [609-610]
At the trial of an action against the proprietor of a store for personal injuries received in the florist department in a fall over a box near a counter at the end of an aisle formed by pots, baskets and boxes,

Robicheau *v.* Supreme Markets, Inc.

evidence that the plaintiff had not seen an aisle in that department when in the store on previous occasions was relevant. [610]

TORT. Writ in the Superior Court dated April 8, 1952.

The action was tried before *O'Connell*, J.

*Sturtevant Burr*, for the defendant.

*Louis Goldstein*, for the plaintiff.

WHITTEMORE, J. The defendant excepted to the denial of its motions for a directed verdict and for the entry of a verdict under leave reserved. The evidence, taken most favorably to the plaintiff, showed the following facts. The plaintiff, while shopping in the defendant's store, proceeded up an aisle in the florist section to a counter where statues were displayed. After she had inquired the price of the statues she turned to leave the counter, caught her foot on a box or basket of potted plants five to eight inches in height, and fell. After the plaintiff fell the subject box projected about four inches into the aisle. The aisle was two or three feet wide and was formed by potted flowers, potted plants, bushel baskets or boxes, and window boxes displayed on each side of the area leading to the counter.

Numerous cases in which we have ruled on the issues of liability to a customer who has tripped over an object placed on the floor of a store are collected in *Letiecq* v. *Denholm & McKay Co.* 328 Mass. 120. We think that the instant case falls within those in which a finding of negligence has been held warranted.

The plaintiff testified that she "turned to leave the . . . counter and caught her foot on a bushel basket or box," and the other witness testified that "her mother-in-law turned, caught her foot on the box and fell backwards . . . ." On this evidence it was open to the jury to find that the box was so near to the counter that the plaintiff was tripped in the act of turning around to get her bearings and before she had taken a step away from the counter. The jury could have found that having a box in this position was a breach of the obligation to use reasonable care to maintain the premises in a reasonably safe condition for customer use.

The case of *Parker* v. *Jordan Marsh Co.* 310 Mass. 227, where entry of a verdict for the defendant under leave reserved was sustained, is distinguishable as the evidence there showed that the low platform on which the plaintiff fell was "Five and one half feet from the left end of this counter as she stood there, and behind her," and that the plaintiff "turned around, took a few steps and fell."

There was no basis here for a ruling by the judge that the plaintiff was barred from recovery by contributory negligence. The plaintiff was not bound at her peril to keep in her mind the state of the floor and aisle behind her while she was preoccupied with weighing the issues involved in a possible purchase. She was entitled to room in which to turn around and observe again the state of the open space through which she was again about to walk.

The defendant was not harmed by the admission of the testimony that the plaintiff when in the defendant's store on earlier occasions had not seen an aisle in the florist department. Whether the plaintiff should have been aware of the boxes and other objects was in issue, and her prior observation of the premises bore on that.

*Exceptions overruled.*