MARGARET F. KNIGHTLY & another *vs.* BELL SHOPS OF BROCKTON, INC. November 1, 1962. Exceptions overruled. Verdicts were returned for the female plaintiff for injuries sustained in a fall in the defendant's store where she was a business invitee, and for her husband for consequential damages. The only question presented is whether there was error in the denial of the defendant's motion for directed verdicts. Four photographs aid our understanding of the testimony. The jury could find the following: The plaintiff walked along an aisle bounded on her right by an open showcase in which ladies' garments were displayed hanging from a rack. She turned to the right at the end of the showcase, and tripped and fell over a platform which extended at least eighteen inches from the end of the base of the showcase. The top of the platform was from four to six inches above the floor and was the same width as the base of the showcase. The surface of the platform was blond veneer; the carpet on the floor was a light color. No other showcase in the store had a platform extending from its base. The platform was intended to be used, and was used from time to time, to display merchandise on shelves or tables set on it. On the day of the injury the platform was bare. There was no error. The applicable law is familiar. *Letiecq* v. *Denholm & McKay Co.* 328 Mass. 120, and cases collected therein. *Robicheau* v. *Supreme Mkts. Inc.* 333 Mass. 608. *Parker* v. *Jordan Marsh Co.* 310 Mass. 227, mainly relied upon by the defendant, is distinguishable from the case before us, among other respects, in that lifesized models were displayed on the platform at the time of the injury. See *Cambi* v. *Riverside Park Enterprises, Inc.* 344 Mass. 753.

*Joseph W. Lobdell* for the defendant.

*Timothy J. McInerney* for the plaintiffs.