JESUS M. QUILES's CASE. February 28, 1964. Decree affirmed. This is an appeal by the self insurer (Raymond's) from a decree allowing the employee's claim for compensation and dismissing the employee's claim against the insurer (Employers'). The single member dismissed the claim against Raymond's and awarded compensation to the employee against Employers'. The reviewing board reversed the decision of the single member. The case was before the board on two separate claims, one for an injury sustained on May 26, 1960, at which time Employers' insured the employer, and the second on June 23, 1960, at which time Raymond's was self insured. The reviewing board found that the employee's "disability was causally related to the injury of June 23, 1960 and was not so related to the employee's injury of May 26, 1960." This finding is supported by the evidence and is not tainted by error of law. *Morin's Case,* 321 Mass. 310, 312. *Fitzpatrick's Case,* 331 Mass. 298, 300. *Long's Case,* 337 Mass. 517, 521. Likewise, the board's findings that Raymond's was not prejudiced by lack of notice or the late filing are warranted by the evidence and must stand. *Tassone's Case,* 330 Mass. 545, 548. *Channell's Case,* 337 Mass. 124, 128. *Clifford's Case,* 337 Mass. 129, 131–132. *Doran's Case,* 343 Mass. 776. See *Sabbagh's Case,* 346 Mass. 504, 507. Costs and expenses under G. L. c. 152, § 11A, shall be allowed by the single justice.

  *Norman P. Beane, Jr.,* for the self insurer.
  *George Ward* for the employee.
  *Philander S. Ratzkoff* for The Employers' Liability Assurance Corporation, Ltd.

  MOSES FURTADO & another *vs.* EMERSON RUG COMPANY, INC. April 2, 1964. Exceptions overruled. In this action of tort for negligence the jury could find upon the most favorable evidence that the female plaintiff, a business invitee of the defendant, while walking along a carpeted four foot aisle formed by display racks on one side and a long table on the other, with her attention directed to a roll of carpeting at the top of the wall ahead of her, tripped and fell over an irregular pile of five or six rug samples, two by three feet in size, which several minutes before had been removed by one of the defendant's salesmen from the table and placed in the aisle for examination by other customers, who, with the salesman, had since gone toward the door of the store. The applicable law, which we need not restate, is set out in *Letiecq* v. *Denholm & McKay Co.* 328 Mass. 120, with numerous citations. *Robicheau* v. *Supreme Mkts. Inc.* 333 Mass. 608. *Knightly* v. *Bell Shops of Brockton, Inc.* 345 Mass. 760. Cf. *St. Rock* v. *Gagnon,* 342 Mass. 722. We think that there was a case for the jury on the issues of negligence and contributory negligence and that there was no error in denying the defendant's motion for directed verdicts.

  *William J. Fenton* for the defendant.
  *Joseph I. Sousa* for the plaintiffs.