S. Osborn Ball *vs.* Board of Appeals of Provincetown & others. April 30, 1964. Order sustaining demurrer affirmed. The petitioner, a resident of Provincetown, seeks by certiorari to set aside the decision of the board of appeals of the town granting a variance to Patricia Phillips to operate a beauty shop in a residential district. The respondents' demurrer was sustained. In arguing that certiorari should lie, the petitioner asserts that he is not a "person aggrieved" within the purview of G. L. c. 40A, § 21, and hence is not limited to the exclusive remedy in equity provided by that section. See *Smith* v. *Board of Appeals of Plymouth,* 340 Mass. 230, 232. Whether, in view of § 21, the remedy of certiorari is ever available to one challenging the decision of a board of appeals with respect to a zoning matter need not be decided. For present purposes it is enough to say that the demurrer was rightly sustained because the petitioner has failed to allege that the board's decision has resulted or will result in substantial injury or manifest injustice to him. *North Shore Corp.* v. *Selectmen of Topsfield,* 322 Mass. 413, 418, and cases cited.
*S. Osborn Ball,* pro se, submitted a brief.
*Paul F. Cavanaugh* for the respondents.

Mildred V. Burns & another *vs.* Tedeschi's Super Markets, Inc. April 30, 1964. Exceptions overruled. There was no error in allowing this case to go to the jury or in denying a motion for entry of a verdict for the defendant under leave reserved. The jury could have found that Mildred Burns (the plaintiff), a customer in the defendant's supermarket, walked from an aisle between display racks into the center aisle to go around a rack. As she did this she tripped on a box placed on the floor at the end of the rack. The rack was about six feet high. The box was between three and four inches high and was in use to display mirrors that were so placed as to rest at an angle against the end of the rack. The sides of the box were either flush with the sides of the rack or recessed a little. The box extended about two and one-half feet from the end of the rack into the center aisle. The mirrors were of varying heights, from two and one-half feet to four or five feet. The box was designed to hold three rows of mirrors. On the plaintiff's testimony the jury could have found that there were only a few mirrors in the box and that they were at the back "in the middle." The store manager testified that the middle row was full, with ten mirrors, and there were four or five mirrors in the two side rows. There were floor displays at the ends of seven other racks. The plaintiff did not see the box or the mirrors before the accident. The jury could have found that customers, acting reasonably in the observation and selection of merchandise, might not see the box before coming to the end of the rack. They could have found therefore that placing the box in this position was a breach of the defendant's duty and that the plaintiff was not guilty of contributory negligence. See *Robicheau* v. *Supreme Mkts. Inc.* 333 Mass. 608.
*Edward J. Barshak* for the defendant.
*Frederick H. Balboni* for the plaintiffs.

City of Boston *vs.* Florence T. Deveney & another. May 1, 1964. Appeal dismissed. There exists no error of law apparent on the record or any other ground for which an appeal is authorized by G. L. c. 231, § 96. Double costs are to be assessed under G. L. c. 211, § 10.
The case was submitted on briefs.
*Morris Anapolsky* for the defendants.
*Arthur G. Coffey,* Corporation Counsel, *& Mario Misci,* Assistant Corporation Counsel, for the plaintiff.