THOMAS E. McGOVERN *vs.* THOMAS H. HANNAFORD. October 29, 1964. Exceptions overruled. In an action of contract in two counts, one on an account annexed and the other on an express agreement for services as an accountant to the defendant, the judge, sitting without jury, made a general finding for the plaintiff, and, subject to exception, denied the defendant's request which read, "The evidence requires a finding for the defendant because: . . . [of six propositions of mixed law and fact designated (a) through (f)]." The anomalous request was properly denied. Viewed as purely a request for a ruling of law, it could not be granted since the defendant concedes, and the record shows, that a finding for the plaintiff on the first count was warranted. Further, the request did not specifically refer to each count in the declaration, and therefore could not be granted unless the defendant was entitled to prevail on both counts. *Shumway* v. *Home Fire & Marine Ins. Co.* 301 Mass. 391, 396. In so far as the request could be construed as a request for findings of fact, the judge was not required to act upon it. *Crowninshield Shipbuilding Co.* v. *Jackman,* 283 Mass. 21, 22. *Strachan* v. *Prudential Ins. Co.* 321 Mass. 507, 508. In these circumstances, the rule in *John Hetherington & Sons, Ltd.* v. *William Firth Co.* 210 Mass. 8, 19, relied upon by the defendant, is inapplicable.

*William S. Monahan* for the defendant.
*Francis J. DiMento* for the plaintiff.

ANNA STARITA *vs.* STOP & SHOP, INC. October 29, 1964. Exceptions overruled. The evidence most favorable to the plaintiff, a regular patron and business invitee of the defendant, showed that a 250 pound cement block, five feet long, nine inches high, and of the same color as the surface of the defendant's parking lot where it was one of several similar blocks, each used as a bumper in one of the parking spaces on the north edge of the lot, had been out of place for a week prior to the plaintiff's accident so that it extended two feet to the left of the painted parallel white lines of the parking space used by the plaintiff on the day of her accident with the result that when going from the driver's side of her car to the front in order to lock the door on the opposite side, she tripped over the block and was injured. Under familiar principles the evidence presented a question of fact whether the block, displaced for a week in an area to which the defendant's patrons were invited, constituted a source of danger, not obvious to invited persons, which the defendant should have known of and taken steps to remedy. *Knightly* v. *Bell Shops of Brockton, Inc.* 345 Mass. 760, and cases cited. There was no error in denying the defendant's motion for a directed verdict.

*William J. Fenton* for the defendant.
*William A. Torphy,* for the plaintiff, submitted a brief.