*Municipal Court of the*
*City of Boston*
No. T-14706

## MARY J. O'LEARY

v.

## FIRST NATIONAL STORES, INC.

Argued: Oct. 9, 1967    Decided: Nov. 10, 1967

*Present:* Adlow, C.J., Gillen, Glynn, J.J.

Case tried in the Municipal Court of the City of Boston. No. T-14706.

*Gillen, J.* This is an action of tort to recover for injuries resulting from a fall over a dolly on the premises owned and operated by the defendant.

*There was evidence that* the plaintiff went to the defendant's store on June 11, 1965 for the purpose of shopping. She was familiar with the premises and on arriving there proceeded to the vegetable counter with a shopping cart; that when she reached the aisle where she proposed to make some selections she saw no people or any obstacles. She selected a few

vegetables and turned to place them in the shopping cart which her husband was pushing. She then moved over to the rhubarb section and after selecting some rhubarb she turned to place the rhubarb in the shopping cart and as she did so she tripped over an empty cart which was in the aisle alongside of where she was standing. The cart over which she tripped consisted of a platform two feet wide and one foot high, and was set on a base which rested on four wheels. It was empty at the time she tripped over it. At the time she first saw the cart it was lengthwise exactly in the middle of the floor. After the accident a young man came and pushed the cart to the rear of the store. There is no evidence he was an employee of the defendant.

The defendant at the close of the evidence requested the court to rule that it did not warrant a finding that the defendant was negligent. There were other requests of similar tenure but the issues involved are sufficiently embraced in the consideration of this general request.

At the outset it is pertinent to observe that the defendant was not an insurer of the plaintiff. Whatever duty it owed to those who came on its premises for the purpose of making purchase was to keep the premises in a reasonably safe condition for such persons' use, or if any dangerous condition did exist, to warn those invitees on the premises of the existence of such condition.

On the other hand, there was a duty on the invitees to use reasonable care to protect themselves while on the premises, and the defendant would be excused for any mishaps which in the exercise of reasonable care by those upon the premises might have been avoided. *Kelley* v. *Goldberg,* 288 Mass. 79; *Flynn* v. *Cities Service Refining Co.,* 306 Mass. 302.

On the basis of the reported facts it appears that when the plaintiff and her husband entered the aisle where the accident occurred, they saw no carts or other obstacles on the floor. Whatever happened by reason of the presence of a dolly or platform truck in the aisle occurred at some time after the plaintiff and her husband entered the aisle and prior to the time of the accident. In other words, we have no way of knowing how long the truck was in the spot where the plaintiff fell over it. In its aspect most favorable to the plaintiff we find that the condition responsible for the accident was of a brief and transitory nature and was caused by persons unknown who were unidentifiable. There is no basis for any determination that the defendant knew or ought to have known of the existence of the danger. *Toland* v. *Paine Furniture Co.,* 175 Mass. 476, 477.

In *Deagle* v. *Great Atlantic & Pacific Tea Co.,* 343 Mass., 263, the court said, "Where a dangerous condition is created on his premises by one for whom he is not responsible, the law al-

lows him a reasonable opportunity to become informed of the danger and to take steps to remove it.''

The facts under review are not analagous to those in the case of *Ginns* v. *C. T. Sherer Co.*, 219 Mass. 18, where a hat box 19'' in width and 9'' in height was allowed to lie in the aisle of the defendant's store for one-half an hour, and from the facts in the case of *Keeley* v. *The Miller Drug Co.*, 324 Mass. 692, where a customer fell over a wash bucket that had been standing in the path leading to the counter at least ten minutes before the customer entered the store. There is no basis for finding that the defendant neglected to provide premises in a reasonably safe condition for the plaintiff's use, or that it failed to warn the plaintiff of the dangerous condition resulting from the presence of the truck in the aisle, as there is no evidence whatever to indicate that the defendant had a reasonable opportunity to ascertain the presence of the truck in the locus where the accident occurred.

In our opinion the evidence did not warrant a finding that the defendant knew or ought to have known of the existence of the hazard. **Finding for the plaintiff vacated. Finding to be entered for the defendant.**

EDWARD FREEDMAN,

of Boston, for the plaintiff cited:

*Skenian* v. *Raymonds, Inc.*, 349 Mass. 772 (Storekeeper liable where customer fell over

base of large electric fan in crowded passageway between two departments); *Burns* v. *Tedeschi's Supermarkets, Inc.*, 347 Mass. 773 (Storekeeper liable where customer tripped over box utilized to display mirrors); *Furtado* v. *Emerson Rug Co.*, 347 Mass. 767 (Storekeeper liable where customer tripped and fell over irregular pile of five or six rug samples); *Luz* v. *Stop & Shop, Inc.*, 348 Mass. 198 (Storekeeper liable for motorists striking plaintiff due to improper construction of ramp and confusion of motorist caused by conflicting orders hollered by storekeeper's employees); *Knightly* v. *Bell Shops*, 345 Mass. 760 (Storekeeper liable for customer's tripping over platform which extended 18 inches beyond end of showcase, 4 or 5 inches above floor and was of similar color to carpet on floor); *Robicheau* v. *Supreme Markets, Inc.*, 333 Mass. 608 (Storekeeper liable where customer caught her foot on box of potted plants in florist department 5 to 8 inches in height and fell); *Mudge* v. *Stop & Shop, Inc.*, 339 Mass. 763 (Storekeeper not liable where customer fell over truck in aisle. Customer con. neg.); *Letiecq* v. *Denholm & McKay Co.*, 328 Mass. 120 (Storekeeper not liable where customer fell over footstool and foot measure in plain view in aisle); *Berube* v. *Economy Grocery Stores, Inc.*, 315 Mass. 89 (Storekeeper liable for customer's slipping on mass of insides of a squash on floor near counter is where squash was displayed and was dirty, black

gritty and about a foot square); and *White* v. *Mugar*, 280 Mass. 73 (Storekeeper liable for customer's injuries due to slipping on vegetable leaves near vegetable counter on oily floor).

BADGER, PARRISH, SULLIVAN & FREDERICK
of Boston for the Defendant.