TEFTA VANCE vs. DAVID F. GOULD.

Worcester. November 6, 1968. — December 24, 1968.

Present: WILKINS, C.J., WHITTEMORE, CUTTER, KIRK, & SPIEGEL, JJ.

*Negligence,* Store, Contributory.

A finding of negligence on the part of the proprietor of a supermarket toward a customer of many years was warranted by evidence of the circumstances in which she was injured when, in order to reach some rolls at the end of an alcove, she "stepped in sideways" with one foot into a space seven to twelve inches wide between a stationary display gondola and a dolly, which a stock boy had not moved aside as she had requested, and her other foot entered the open part of an empty carton on the floor which she had not seen and she lost her balance

---

and stumbled into the shelving [107]; a finding of contributory negligence on the part of the customer was not required as matter of law even though on previous occasions she had seen empty cartons on the floor in other parts of the market [107].

TORT. Writ in the Superior Court dated February 26, 1964.

The action was tried before *Ponte, J.*

*Macey J. Goldman* for the defendant.

*Seymour Weinstein* for the plaintiff.

KIRK, J. In this action of tort for personal injuries allegedly caused by the negligent operation of the defendant's supermarket where the plaintiff, a business invitee, tripped on an empty carton, the jury returned a verdict for the plaintiff. The single question is whether the evidence was sufficient to submit the case to the jury.

We review the case in light of the settled principles stated by Qua, J. in *Duff* v. *Webster*, 315 Mass. 102, 103, and in *Kelly* v. *Railway Exp. Agency, Inc.* 315 Mass. 301, 302.

The duty owed by a storekeeper to a customer on the premises is so familiar as not to require repetition. *Parker* v. *Jordan Marsh Co.* 310 Mass. 227, 229. *Coates* v. *First Natl. Stores Inc.* 322 Mass. 563, 565. Numerous cases applying the rule are collected and classified in *Letiecq* v. *Denholm & McKay Co.* 328 Mass. 120, 121–122, where we recognized that "[w]hether a case falls on one side of the line or the other is often difficult and some of the cases cited . . . [in the opinion] are so close that opinions may well differ." We do not attempt to make a comparative analysis of the several cases cited by the parties. In some respects on their facts the cited cases resemble, in others they differ from the case at bar. The rule is constant. The facts, which usually must be established by the trier of fact on conflicting evidence, vary with each case. The result of each case must rest on its facts.

We state the evidence in light most favorable to the plaintiff. The plaintiff had been a customer of the defendant for many years and was familiar with the store and its routine operations. On October 11, 1962, she was in-

jured while shopping in an alcove located within and at the front of the store. The overall dimensions of the alcove were thirteen feet wide and seven and one-half feet deep. There were shelves on three sides of the alcove. The open side faced an aisle. Twelve square feet of the floor space of the alcove were occupied by a stationary gondola which was three feet wide and four feet long. One edge of the gondola coincided with the line of the aisle. Goods were displayed on shelves on all sides of the gondola, and on the three sides of the alcove. Access to the rear of the alcove could be had by passing between either side of the gondola and the shelves on the nearest side wall of the alcove. About three minutes before the plaintiff entered the alcove she had noticed, while going to other aisles, a sixteen year old boy about six feet tall restocking the shelves in the alcove with packages from cartons which were piled five feet high on a dolly. The dolly was between the boy and the shelves at one interior corner of the alcove and was so placed that the distance between the gondola and the end of the dolly was from seven to twelve inches, "just enough room to get through." The plaintiff, desiring to buy some rolls at the far corner of the alcove where the dolly was, asked the boy to move the dolly so that she could get by. The boy made some answer but did not move the dolly. As "a result of what he said to her, she 'stepped in sideways' past the left front corner of the dolly with her left foot, and then stepped forward with her right foot to get the . . . rolls." Her right foot entered the open part of an empty carton which was on its side on the floor. The carton was twelve inches high and twenty inches long. The plaintiff lost her balance, twisted her foot and ankle, and stumbled into the shelving. She had not seen the box before her foot went into it. Because of the limited room for movement in the alcove the manager did not insist, as he did elsewhere in the store, that the stock boys unloading from a dolly break up or flatten the boxes and put them in a carriage. A dolly, a carriage and the passage of customers could not be accommodated in the alcove.

When there was a dolly in the alcove it was more important than elsewhere that the floor be kept clear. It was the stock boys' job to see to it that empty boxes were torn up or flattened and that none was left on the floor near the dolly.

The foregoing evidence warranted the submission of the case to the jury to determine whether the defendant used reasonable care to keep the alcove in reasonably safe condition for use by the plaintiff, and to warn her of any dangers which might arise from such use which were not likely to be known to her, and the existence of which the defendant, his agents or servants, knew or should have known. *Coates* v. *First Natl. Stores Inc.* 322 Mass. 563, 565. The jury could find that there was a condition of danger known to the defendant and not known to the plaintiff and that no warning was given to the plaintiff. The jury could also infer that the plaintiff, following the boy's statement, reasonably relied upon the expectation that she could proceed in safety without insisting upon the removal of the dolly.

The fact that the plaintiff had, on other occasions, seen empty boxes on the floor in other parts of the market does not, as contended by the defendant, make the plaintiff chargeable with contributory negligence as matter of law. *Robicheau* v. *Supreme Mkts. Inc.* 333 Mass. 608, 610.

All issues of fact were properly left to the jury.

In principle the case is similar to many which after full consideration have been reported as rescript opinions. *Knightly* v. *Bell Shops of Brockton, Inc.* 345 Mass. 760. *Furtado* v. *Emerson Rug Co. Inc.* 347 Mass. 767. *Burns* v. *Tedeschi's Super Mkts. Inc.* 347 Mass. 773. *Starita* v. *Stop & Shop, Inc.* 348 Mass. 771. *Skenian* v. *Raymond's Inc.* 349 Mass. 772. *Griffin* v. *First Natl. Stores, Inc.* 353 Mass. 770.

*Exceptions overruled.*