Rescript Opinions.

GRACE COSITORE & another *vs.* J. SHEFFIELD DOW. May 29, 1969. This petition to establish the truth of exceptions was dismissed by the single justice on the respondent's motion. The petitioners excepted. One ground of the motion was violation of G. L. c. 231, § 113, requiring that the exceptions "be reduced to writing in a summary manner." A Superior Court judge had previously disallowed the bill of exceptions on this ground, stating that it "is inordinately and unnecessarily long . . . [and] contains much that is redundant and immaterial." There was no error in the ruling of the single justice. *Graustein, petitioner,* 305 Mass. 568, 569. *Emsheimer, petitioner,* 352 Mass. 778. *Somerville, petitioners,* 353 Mass. 755.

*Exceptions overruled.*

*Maurice H. Kramer* for the petitioners.
*J. Sheffield Dow,* pro se, submitted a brief.

FLORENCE SAMMON *vs.* DONALD G. DICK, INC. May 29, 1969. This is an action of tort. In her declaration the plaintiff alleges that when a pedestrian on a sidewalk in Springfield, she was hurt by a motor vehicle which "had been parked and negligently secured in a position on the south side of Stockbridge Street, and permitted to roll backwards, and . . . [that the vehicle] was under the joint supervision of the owner and the agent or servant of the defendant, while repairs were being made to the same by the agent or servant of the defendant." The evidence did not warrant findings to support these allegations. There was no error in directing a verdict for the defendant, nor in striking evidence concerning a purchase of brake fluid which was not shown to be relevant.

*Exceptions overruled.*

*Robert J. Moran* for the plaintiff.
*James L. Allen* for the defendant.

DOROTHY KAY *vs.* LOUIS BERRY & others. May 30, 1969. The plaintiff, a business invitee, sustained personal injuries at the Somerset Hotel controlled by the defendants. The case is here on the plaintiff's exception to the entry of a verdict for the defendants under leave reserved. The case had previously been tried before an auditor who found for the defendants. The plaintiff was secretary of an organization called the Pythian Sisters. "She went to the Regent Room in the hotel to attend a meeting and . . . she noticed a platform there . . . about twelve feet long and about six feet wide and about fifteen to eighteen inches high." It was movable and about two feet from the wall. There were four desks and four chairs on the platform and the plaintiff occupied one of the chairs. She knew "[t]he chairs on the platform were not fastened down and the rear legs of the chairs were about eight inches from the edge of the platform." At the close of the meeting she reached over to get a member's sweater which was on the back of one of the chairs. Her chair went "backwards when she moved, and she fell." We think that the judge was correct in apparently concluding that the evidence would not sustain a finding that the defendants were negligent. See *Lookner* v. *New York, N.H. & H. R.R.* 333 Mass. 555, 556–557.

*Exceptions overruled.*

*William A. Torphy,* for the plaintiff, submitted a brief.
*Walter F. Henneberry* for the defendants.