HOWARD W. MARSTON vs. AUTO LAUNDRIES, INC. February 4, 1970. This action of tort is before this court on the defendant's exceptions. The evidence most favorable to the plaintiff showed the following: The defendant operated a drive-in car wash station which the plaintiff visited for the first time on February 21, 1966, a freezing day. The procedure required patrons to remain in the car and move it upon signals given by the single attendant. Pursuant to this procedure the plaintiff drove his vehicle via an open overhead door into the enclosed shed where there was a heavy vapor screen, closed the windows, stopped for the application of the cleaning solution, moved forward to an elevated ramp, and stopped again at the washing bay where rotary brushes cleaned the sides and top. When the washing was done and the attendant asked for payment, the plaintiff asked if he should stay in or leave the car. The attendant replied that it made no difference. As the plaintiff stood up outside the car he immediately slipped on "slick ice" which he had not seen, fell, and was injured. The attendant knew that the icy condition was there, had done nothing to remedy it and gave no warning. The issue of statutory notice having been waived, the case was rightly submitted to the jury on issues relating to liability. *Vance* v. *Gould*, 355 Mass. 104, 107, and cases cited. Subject to a showing of the circumstances attending his change of employment, the plaintiff was permitted to testify to his monthly salary five months before the accident paid by his then employer of twenty-nine years for work which was substantially the same as that performed by him at the time of his injury for another employer on a commission basis. The evidence was thus placed in true perspective on the issue of impairment of earning capacity under the rule stated and discussed in *Doherty* v. *Ruiz*, 302 Mass. 145, 146–147.

*Exceptions overruled.*

*David W. Noonan* for the defendant.
*Daniel J. Johnedis* for the plaintiff.