**MARY MELLONI, Plaintiff**
vs.
**SEARS & ROEBUCK, INC.**
**Defendant**

**No. 318**

District Court, Hampden, ss.
Appellate Division, Western District
Trial Court of the
Commonwealth of Massachusetts

**May 27, 1982**

**Donald W. Blakesley, Esq.,** counsel for plaintiff.
**Mark J. Albano, Esq.,** counsel for defendant.

**DECISION AND ORDER**

This cause came on to and was heard in the Appellate Division for the Western District sitting in Springfield upon report from the Springfield Division of the District Court Department and it was found and decided that there was no prejudicial error.

It is hereby

ORDERED: That the Clerk of the Springfield Division of the District Court Department make the following entry in said case on the docket of said Court, namely: Report dismissed.

Date: May 27, 1982
**Allan McGuane, Justice**
**William T. Walsh, Justice**
**Francis J. Larkin, Justice**

Opinion filed herewith

**Robert E. Fein, Clerk**

**OPINION**

**McGuane, J.** The report in this case is extremely sparse. This is an action of tort. The plaintiff seeks to recover for injuries sustained when she tripped and fell over a rug on the defendant's premises in West Springfield on February 9, 1978. The defendant's answer is in substance a denial of negligence.

At the trial there was evidence tending to show that the defect in the rug over which the plaintiff alleges to have fallen was some two to three inches high and extended across the entire length of a 12-foot rug. The rug was placed across a major traffic area within the store and there were a number of sales personnel in the immdiate vicinity of the rug.

The plaintiff's answers to interrogatories 16 and 17 were introduced into evidence.

Q. 16-If you claim that any alleged defective condition of the premises caused you to fall, describe the alleged defective condition specifically, to the best of your knowledge?

A. 16-Large fold in rug.

Q. 17-If you claim that any alleged defective condition of the premises caused you to fall, state how long the alleged defective condition had existed prior to your accident, to the best of your knowledge?

A. 17-I do not know.

At the close of the trial the defendant made nine requests for rulings and all were allowed by the trial judge and the trial judge found for the defendant.

The plaintiff appeals specifically on the allowance of request number 7.

> 7. As a matter of law, there is no evidence in this case that the defendant knew or should have known of the alleged defect.

There is no error. Without reaching the issue of the plaintiff's appeal on requests for rulings of law filed by the defendant there is no basis on the facts presented in the report to show knowledge or any facts from which knowledge could be inferred. **Vance vs. Gould**, 355 Mass. 104, 107. **Deagle vs. The Great Atlantic and Pacific Tea Company**, 343 Mass. 263.

While we view the evidence in the report in the light most favorable to the plaintiff, the burden nevertheless is on the plaintiff to show by a preponderance of the evidence that the defendant was negligent. **Deagle vs. Great Atlantic & Pacific Tea Company, supra.**

Finding no prejudicial error, the report is dismissed.

**Allan McGuane, Justice**
**William T. Walsh, Justice**
**Francis Larkin, Justice**
This certifies that this is the opinion of the Appellate Division in this cause.
**Robert E. Fein, Clerk**