RITA BOHENKO *vs.* RICHARD GRZYB. February 11, 1986. *Negligence,* One owning or controlling real estate.

Could a jury reasonably have found that the defendant, Richard Grzyb, was negligent in failing to keep a light on at the unlocked rear entrance to his home in Dudley at 1:00 A.M. on Sunday, August 24, 1980? Considering the evidence at trial from a perspective most favorable to the plaintiff, Rita Bohenko, we answer that question in the negative. We, therefore, reverse

the judgment entered for Bohenko after a special jury verdict finding Bohenko and Grzyb each fifty percent causally negligent, the issue of the sufficiency of the evidence of negligence having been properly raised by a motion for directed verdict.

Grzyb and Bohenko were close friends. When he saw Bohenko on August 21, 1980, Grzyb suggested that she drop over to his house Friday or Saturday to pick up some pickles and apples. There was discussion that she might come late, that he'd be watching a baseball game, that the door would be open, and that she should just come in. On Saturday, August 23, Bohenko spent the evening in the company of her daughter and a friend. They patronized a club where they drank and danced. After midnight, Bohenko and her friend were driving around when they decided to stop at Grzyb's home. Bohenko had been there on one prior occasion and had entered through the rear door. The two friends drove into the driveway and parked near the rear entrance, which was unlighted. They saw a light on in the front of the house. Bohenko climbed the stairs to the back door, opened first a screen door and then an inner door, both of which were unlocked, and, without knocking or otherwise making her presence known, closed the door behind her and entered a narrow hallway, which was dark. To her left down the hallway was a doorway leading to the kitchen. Bohenko groped in the dark and found another door, which she opened. As she called out to Grzyb, she took a step forward in the dark and fell down a flight of stairs to the basement. She sustained injuries on the basis of which the jury found damages in the amount of $19,320.

There was no evidence that the stairs were defective or that there was anything about the condition of the premises that was unusual. The only failure on Grzyb's part claimed to be negligence was the failure to have the area of the rear entrance and rear hallway of his house lighted while the back door was unlocked. Bohenko testified that the outside illumination from a street light was sufficient to enable her to see her way up the exterior stairs and to open safely the door to the house. We do not think the jurors could reasonably have found that Grzyb should have foreseen that Bohenko, before making her presence known at one o'clock in the morning, would grope in the dark, open a door in a hallway not knowing where it led, and venture forth without the ability to see where she was going. As a homeowner, Grzyb's duty was to act reasonably for the safety of his guests, no more and no less. *Mounsey* v. *Ellard,* 363 Mass. 693, 707-708 (1973). *Polak* v. *Whitney, ante* 349, 351 (1985). Grzyb was not obligated to take steps to avoid risks which he could reasonably assume would be open and obvious to his guests. See *Polak* v. *Whitney, supra* at 353, and cases cited. It would be imposing an impractical and unreasonable standard of perfection to require a homeowner to keep his entrances and hallways lit at 1:00 A.M. in a situation such as that presented in this case. We acknowledge that issues of negligence are ordinarily for the jury. Here, however, the evidence of negligence was insufficient to raise a jury issue. *Morong* v. *Spofford,*

218 Mass. 50, 52 (1914). *Murphy* v. *Cohen,* 223 Mass. 54, 56 (1916). *Polack* v. *Whitney, supra* at 354.

We need not reach the defendant's alternative point argued on appeal, that, as a matter of law, Bohenko was more than fifty percent causally negligent.

*Judgment reversed.*
*Judgment for the defendant.*

*David William Sugarman* for the defendant.
*Jerry E. Benezra* for the plaintiff.