FRANCIS SWEET *vs.* ANGELO J. CIESLAK.   November 12, 1986. *Negligence,* One owning or controlling real estate, Self-service car wash facility.

1. As this case has now been tried to conclusion, there is no longer any occasion to consider the propriety of the order denying the defendant's motion for summary judgment. *Deerskin Trading Post, Inc.* v. *Spencer Press, Inc.,* 398 Mass. 118, 126 (1986). 2. A careful review of all the evidence (and in particular the plaintiff's testimony as to the wet, icy conditions which he observed inside the self-service bay of the car wash facility long before he ultimately lost his footing) compels the conclusion that the defendant should have had a directed verdict in the Superior Court because he was under no duty to warn one such as' the plaintiff of the open and obvious danger of attempting to wash a car in near zero weather. See, e.g., *McGuire* v. *Valley Arena, Inc.,* 299 Mass. 351, 352 (1938); *Flynn* v.

*Cities Serv. Ref. Co.,* 306 Mass. 302, 302-303 (1940); *O'Hanley* v. *Norwood,* 315 Mass. 440, 440-442 (1944); *LeBlanc* v. *Atlantic Bldg. & Supply Co.,* 323 Mass. 702, 704-705 (1949); *Letiecq* v. *Denholm & McKay Co.,* 328 Mass. 120, 122-123 (1951); *Lookner* v. *New York, N.H. & H. R.R.,* 333 Mass. 555, 556-557 (1956); *Vance* v. *Wayside Inn, Inc.,* 335 Mass. 617, 619 (1957); *Valunas* v. *J. J. Newberry Co.,* 336 Mass. 305, 305-306 (1957); *Del Sesto* v. *Condakes,* 341 Mass. 146, 147 (1960); *Kay* v. *Berry,* 356 Mass. 717 (1969). Compare *Polak* v. *Whitney,* 21 Mass. App. Ct. 349, 353 (1985); *Bohenko* v. *Grzyb,* 21 Mass. App. Ct. 961, 962 (1986). Contrast *Marston* v. *Auto Laundries, Inc.,* 356 Mass. 743 (1970). 3. There is nothing in *Mounsey* v. *Ellard,* 363 Mass. 693, 707-709 (1973), or in *Upham* v. *Chateau de Ville Dinner Theatre, Inc.,* 380 Mass. 350, 353, 355-356 (1980), which casts doubt on the continued vitality of the rules explicated and adhered to in the cases cited above. Indeed, it is clear from the face of the opinion in the *Mounsey* case that the court did not enlarge the duty of an owner or occupier of real estate except to the extent that it abolished the distinction between licensees and invitees. 363 Mass. 708 n.9. In the *Upham* case the court went no further than to abrogate the rule that a defendant's adherence to a relevant industry standard constituted conclusive proof of no negligence on his part. 380 Mass. at 353-354. No such question was presented in this case. 4. We are not persuaded that the concluding ("unless") clause of the Restatement (Second) of Torts § 343A(1) (1965) reflects the law of this Commonwealth. But see *Ferris* v. *Monsanto Co.,* 380 Mass. 694, 704 n.8 (1980); Nolan, Tort Law § 241, at 383-384 & n.12 (1979). If that clause does state the law of the Commonwealth, it does not apply in the circumstances of this case.

*Judgment reversed.*

*Judgment for the defendant.*

*Arthur Goldstein* for the defendant.
*John A. Mizhir* for the plaintiff.