Brennan, J.
This matter arises out of an action for personal injuries sustained in a motor vehicle accident, which occurred on or about September 11,1990 in Fitch-burg, Massachusetts. Following a trial on the merits judgment entered on behalf of Cynthia Palmi for $38,815.21 and for Richard Palmi for $7,500.00.
At the close of the trial and before final arguments defendant submitted *113 Requests for Rulings of Law. The Court allowed Request for Ruling of Law number 2 but declined to act on Requests numbered 1,3,4,5 and 6, stating that"... they are mixed requests for law and fact.”
Thereafter, defendant filed a Motion for a New Trial, which was denied by the Court.
The appellant claims to be aggrieved by the Court’s failure to rule on his Requests for Rulings of Law and for its denial of his Motion for a New Trial. The Requests for Rulings of Law which are the subject of the appeal are as follows:
Ruling #1: The plaintiff has the burden of proving that any injuries she sustained in the September 11, 1990 accident were proximately caused by the defendant’s negligence.
Ruling #4: Expert medical testimony is required to show that the plaintiffs injury or condition is related to this motor vehicle accident.
Ruling #5: Expert medical testimony is required to show thatdisability from employment was caused by an injury suffered in the motor vehicle accident which is the subject of this action.
Ruling #6: Loss of wages is not, correctly speaking, an element of damages. The plaintiff cannot recover for her loss of earning capacity unless she proves facts sufficient to support a rational conclusion as to the extent of her capacity to earn has been impaired and the fair value of such impairment. If tire estimate of the plaintiff was nothing more than her opinion as to the amount of her loss, she cannot recover; a plaintiff is not permitted to fix her own damages.
The law is well established that the Court need not rule on a Request which "... could be construed as a request for findings of fact ...’’McGovern v. Hannaford, 348 Mass. 771.
In this matter the Requests numbered #1 and #4 and #5 in dispute assumed, as true, factual matters which were before the Court. In these Requests, defendant was asking for an implied finding of a disputed fact. Liberatore v. Town of Framingham, 315 Mass. 538.
The Court properly declined to rule on the disputed Requests.
In making its “Finding of Fact and Memorandum of Decision” the Court made specific findings which addressed the issues raised by appellant’s disputed Requests. It appears that the decision made by the Court was not affected by the denial of the requests. The Court properly considered all of the evidence in making its findings. As a result, the defendant was not prejudiced by the Court’s declining to act on his Requests.
Appellant’s filed a Motion for a New Trial, alleging that the damages awarded were excessive.
Appellant has failed to show that the Court’s finding was not supported by the evidence. Nor has the appellant shown that the finding was the result of “bias, misapprehension, or prejudice.” Scannel v. Boston Elevated Railway, 208 Mass 513.
The decision of the Court was supported by its findings and the Motion for a New Trial was properly denied.
This report is dismissed.