Toomey, J.
BACKGROUND
On May 2, 1996, plaintiff filed a civil complaint in the Worcester Superior Court seeking money damages for personal injuries suffered as a result of the alleged negligence of defendants. More particularly, plaintiff asserted that defendants breached their duty of care to her when, at an October 21, 1994, religious service, defendants induced attendees to fall upon and cause injury to plaintiff.
After a jury-waived trial on March 8, 1999, the parties were invited to file submissions in supplement to closing arguments, and those offerings were received by the court on or about April 1, 1999. The matter was then taken under advisement, and the following resolution of the pertinent factual and legal issues has now been reached.
FINDINGS OF FACT
1. Plaintiff (“Maiyrose”) attended the religious service at the behest of her daughter (“Sandra”), who saw the experience as potentially providing relief for Maryrose’s arthritic condition. The service was conducted by defendants who had leased the Worcester Centrum for that purpose.
2. Sandra had watched, on television, similar services conducted by defendants and had observed many incidents of attendees’ collapsing to the floor at certain times during the ritual. There was no persuasive evidence, however, that prior to the service in question, defendants knew that attendees tended to fall in response to certain aspects of the rites.[1] The Hinn ministry and its adherents believed that the Holy Spirit would visit those who were the recipients of Hinn’s touch and thus enable them to be relieved of their ailments.
3. Maryrose and Sandra arrived at the Centrum at about 12:45 p.m. on October 21, 1994. They paid a donation[2] and were admitted to the amphitheater and thousands of attendees were in place. The first half of the “show” (Sandra’s description) was about to end and a two-hour intermission ensued, during which Maryrose and Sandra wandered through the building. When the show resumed, the two found seats in the upper section to the right rear of the *302 stage. They observed singing, praying, “entertainment” (again, Sandra’s characterization), and witnessed healing episodes. Those instances involving defendant Hinn’s summonsing — by category of ailments — the afflicted, his placing his hands on their persons, and their falling backward to be caught by an aide.
4. At about 11:00 p.m., defendant Hinn invited those suffering from arthritis to approach the stage. A number responded, including, at Sandra’s urging, Maryrose, and the two joined the line on the stairs heading down to the stage. Defendant Hinn gestured— a circular motion with his hand — and, throughout the amphitheater, people fell down.[3] Maryrose was knocked to the stairs by four to five falling neighbors. Sandra, having avoided the toppling bodies around her, saw Maryrose’s distress. Sandra called for assistance, and a man, who had been standing against a wall, approached.
5. The man wore a “Benny Hinn” badge.[4] He picked up Maryrose and carried her down the stairs to the stage where other invitees were assembling to approach defendant Hinn. Before he could mount the steps to the stage, however, defendant Hinn again gestured to the crowd, and those in proximity to Maryrose and the man fell on top of them.
6. Maryrose was injured as a result of the two occasions when abutting supplicants fell on her. She was assisted to the Centrum’s first-aid station where, for about twenty minutes, her injuries were treated.[5] Sandra located Maryrose at the station and, leaving the Centrum at about 12:00 a.m., drove her home.
DISCUSSION
Negligence is the failure to exercise that degree of care which a reasonable person would exercise under the circumstances. Morgan v. Lalumiere, 22 Mass.App.Ct. 262, rev. denied, 398 Mass. 1103 (1986). Before liability for negligence can be imposed, there must first be a legal duty owed by the defendant to the plaintiff, and a breach of that duty proximately resulting in injury. Davis v. Westwood Group, 420 Mass. 739, 742-43 (1995). The duty owed to someone lawfully on the premises where the injury occurred is one of reasonable care under the circumstances. Sullivan v. Town of Brookline, 416 Mass. 825, 827 (1994). The common law duty of reasonable care owed to all lawful visitors at an event, such as the one staged by the defendants, includes an obligation to conduct the program in a reasonably safe manner and to warn visitors of any reasonable dangers of which the organizers are aware or reasonably should have been aware. Davis, 420 Mass. at 743. However, there is no duty to warn of dangers obvious to persons of average intelligence. Lyon v. Morphew, 424 Mass. 828, 833 (1997); Toubiana v. Priestly, 402 Mass. 84, 89 (1988); see also Sweet v. Cieslak, 23 Mass.App.Ct. 908, 908-09 (1986) (owner of car wash was under no duty to warn customer of open and obvious danger of attempting to wash car in near zero temperatures where customer observed icy and wet conditions inside self-service bay prior to losing his footing); Polak v. Whitney, 21 Mass.App.Ct. 349, 353 (1985) (no duty to warn that an automobile could collide with another automobile parked on a street near the defendant’s house). The issue of whether a defendant owes a duty of care to a plaintiff is a question of law to be decided by the court. Davis, 420 Mass. at 743; Yakubowicz v. Paramount Pictures, 404 Mass. 624, 629 (1989).
Maryrose was owed a duty of reasonable care under the circumstances. The defendants did not breach that duty in this instance. There is no evidence in the record which compels the conclusion, or the inference, that the defendants were aware that certain gestures from defendant Hinn would cause the collapse of large numbers of spectators. It has long been a basic principle of negligence law that, ordinarily, everyone has a duty to refrain from affirmative acts that unreasonably expose others to a risk of harm. Yakubowicz, 404 Mass. at 629. The act of defendant Hinn waving his hand was not an act which was intended, or even reasonably likely, to create a risk of harm to the plaintiff. Consequently, as there was no breach of duty, the court finds for the defendants.
ORDER
For the foregoing reasons, the court ORDERS that judgment be entered for the DEFENDANTS.

 Although the evidence might, with generous inference, suggest that defendants were aware that touching would precipitate falling, there was no evidence that a noncontact gesture, such as that alleged at bar, might occasion mass collapse or that defendants ought to have expected such a result.

 Whether the “donation” was an entrance fee is unclear, but is likely of no moment because under the circumstances, defendants’ liability does not depend on the character of her contribution.

 The court intends no untoward humor but must, in the interests of accuracy, describe the episode as the reverse of a spectator “wave.”

 There was no evidence as to either the man’s identity, function, or the significance of his badge. That is, the badge was not shown to have linked the man — in terms of agency— with defendant. The inference that the badge was a souvenir is as plausible as that it was a symbol of his association with defendant.

 This court finds Maryrose’s injuries to have been de minimus and, to an extent, indistinguishable from injuries suffered in the past and subject to other litigation. We need not quantify the damages to Maryrose resulting from the incident at bar, however, because the analysis, infra, will conclude that the defendants are not liable.