Dissenting Opinion
Creedon, J.
The majority decision of this court has decided that the evidence to support a finding of negligence by the trial judge against the defendant, Stop and Shop Supermarket Company, is insufficient. I would disagree.
In my review of the trial transcript and specifically the testimony of Mr. Michael Keaney, the Night Manager of the Quincy store, the trial judge did have enough evidence to warrant a finding for the plaintiff. The trial judge heard the witness and his entire testimony regarding his duties and the duties and responsibilities of the employees assigned to him on the evening of September 21,1994.
Mr. Keaney estimated that there were thirty employees in the store on that night. His job as night manager was described in the Appendix at 216 Line 13 through 23 as being in charge of everything at the store, front, back, parking lot and aisles of the store “making sure it’s a clean, safe, well-stocked store.” At page 218 of the transcript line 2, Mr. Keaney was asked “Q. Besides the night manager and the store manager walking the store, (there was no store manager at the store that night*) are there any other procedures that are followed with respect to floor conditions at Stop and Shop?
“A. There are procedures for our employees ... something on the floor, they’re empowered to take care of it right then. They don’t have to get somebody (like the night manager*) to ask if it’s okay if they clean it up.”
Further, under cross-examination by the plaintiffs attorney at page 244 of the transcript, Mr. Keaney denied that a store porter was obliged to sweep the floors at 9:00 p.m. His answer to the question regarding who was to do the floors at 9:00 p.m. at lines 21 through 23 was “That was anybody in the front end, the bundlers, which also sweeps the store, empties the trash.”
I do not disagree with my colleagues with respect to the law that has been cited in their opinion. My disagreement is with their conclusion that the facts were insufficient. The trial judge’s findings correlate to the evidence I have read in the transcript. It seems that the trial judge has made reasonable inferences regarding the evidence. The size of the spill of spaghetti, approximately 20 square feet of aisle area, is large enough to have been brought to the attention of some of the over thirty employees of the store. The judge, by inference, determined that while everyone and anyone had the duty to inspect the aisles — No One Did.
Rule 52(c) of the Mass Rules of Civil Procedure states, “Findings of fact shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge of the credibility of the witnesses.” Rule 52(c) does not require the trial judge to state all of his findings or on what basis he has made his findings.
The Supreme Judicial Court has stated in Tefta Vance v. David F. Gould, 355 Mass. 104 (1968) at page 105 with respect to a fall at a store “whether a case falls on one side of the line or the other is often difficult and some of the cases cited ... are so close that opinions may well differ.” Further, in that case at page 107, the Court mentions the proper use of inference by a finder of fact.
The trial judge in the present case had enough evidence to determine liability. I would affirm.

My insertion from a review of the transcript.