Kenton-Walker, Janet, J.
The plaintiff, James A. McKinnon, brought this negligence action against the defendants, Anita Collins and Christine Wilson, to recover damages for injuries he suffered when he fell off an exterior stairway at a residential property owned by the defendants and leased to the plaintiffs wife. The accident in question occurred when the plaintiff walked out of the house in the darkness of the early morning, stepped off the side of the stairs, and fell to the ground. It is undisputed that the stairway did not have a handrail on either side of the stairs leading down to the ground.
The defendants now move for summary judgment, arguing that walking down a stairway in the darkness presents an open and obvious danger for which no liability may attach. While the plaintiffs failure to ensure adequate lighting before departing down the stairs is evidence that weighs in favor of the defendants, it is not dispositive in this case. When viewed in the light most favorable to the plaintiff, the evidence supports his claim that the stairway was unsafe and in violation of the state building code due to the absence of handrails. See 780 Code Mass. Regs. §1014.7 (6th ed. 2005) (requiring stairways to “have continuous guards and handrails on both sides,” subject to exceptions). Violations of state safety regulations, including the building code, provides at least some evidence of negligence on the part of the violator. Perry v. Medeiros, 369 Mass. 836, 841 (1976); Gould v. Lemieux, 2008 WL 442487, at *2 (Mass.Super.Ct. 2008) (failure to install handrail raised genuine issue of material fact as to whether defendant was negligent in maintenance of premises); Martins v. Healy, 15 Mass. L. Rptr. 42, 43 (2002) (absence of guardrails around deck as evidence of landowner’s negligence). The cases cited by the defendants are not to the contrary, as they did not involve evidence of structural defects or deficiencies that may have contributed to *464 the plaintiffs injuries. Benton v. Watson, 231 Mass. 582, 584 (1919) (dismissing on grounds of contributory negligence without any mention of structural defects); Ogni v. Schlien, 72 Mass.App.Ct. 1104, 2008 WL 2525199, at *2 (2008) (holding there was no duty to warn of danger of traversing unfamiliar terrain in darkness, without mentioning any defects [memorandum and order pursuant to Appeals Court rule 1:28]); Bohenko v. Grzyb, 21 Mass.App.Ct. 961, 962 (1986) (noting absence of “evidence that the stairs were defective or that there was anything about the condition of the premises that was unusual”). As there is a genuine issue of material fact as to whether the defendants breached their duty to maintain the premises in a reasonably safe condition, the defendants’ motion for summary judgment is denied.
ORDER
For the foregoing reasons, it is hereby ORDERED that the defendants’ motion for summary judgment be DENIED.