VIOLET M. MUDGE *vs.* STOP & SHOP, INC.

Essex. November 3, 1959. — December 3, 1959.

Present: WILKINS, C.J., SPALDING, WILLIAMS, COUNIHAN, & CUTTER, JJ.

*Negligence,* Store.

A finding of negligence on the part of the proprietor of a supermarket toward a customer was not warranted by evidence that, while wheeling her cart down an aisle between shelves of merchandise, the customer "saw ahead of her" in the aisle an unattended stock truck of a type which she had seen before and knew the proprietor used "all the time filling up the bins," and that after pausing to talk with a friend she forgot about the truck, turned around, took one or two steps and then fell over the truck and was injured.

TORT. Writ in the Central District Court of Northern Essex dated October 14, 1957.

Upon removal to the Superior Court the action was tried before *Morton,* J.

*Garfield R. Morgan,* for the defendant.

*Salvatore Faraci,* (*Alfred J. Cirome* with him,) for the plaintiff.

SPALDING, J. The sole question here is whether on the following evidence, which came exclusively from the plaintiff, there was a case for the jury.

On February 7, 1957, the plaintiff, then aged sixty-eight, went to the defendant's store in Haverhill to purchase groceries. The store is a supermarket in which the customers select their purchases from the shelves, transport them in wire carts, and pay for them at a check out counter on the way out. Just prior to the accident the plaintiff, in

search of one more article, wheeled her cart down an aisle between shelves of merchandise. She "saw ahead of her, somewhat better than half way down the aisle, a stock truck with two or three cartons of goods resting" on the rear portion of it. The aisle was an open space about five feet wide which ran between shelves of groceries. The stock truck was about three and one half or four feet long and twenty-two inches wide; its platform was about six inches from the floor. The rear of the truck was very close to the shelves on the plaintiff's right as she walked to the rear of the store and the front of it was "angled out into the aisle." As the plaintiff proceeded down the aisle she stopped at a point near the truck to talk with a friend. Upon finishing her conversation, which lasted "a couple of minutes," the plaintiff turned around, took one or two steps, and then fell over the front part of the stock truck. It happened "so quick . . . [that the plaintiff] didn't have time for anything." Both the plaintiff and her friend were "in a hurry." The plaintiff had forgotten the truck was there. The truck was unattended and had not been moved from the time when the plaintiff first saw it until she fell. The plaintiff had seen trucks of this type before and "knew that the defendant was using them all the time filling up the bins."

The defendant rested at the close of the foregoing evidence and presented a motion for a directed verdict, which was denied, subject to the defendant's exception. The jury returned a verdict for the plaintiff.

The general duty owed by the defendant to the plaintiff, a business invitee, is so familiar that it need not be restated. See *Kelley* v. *Goldberg,* 288 Mass. 79, 81; *Coates* v. *First Natl. Stores Inc.* 322 Mass. 563. In *Letiecq* v. *Denholm & McKay Co.* 328 Mass. 120, 122, this court collected many of the cases on the subject of a store proprietor's liability for objects of one sort or another over which a customer tripped. We are of opinion that the case at bar falls within the group of cases there collected holding that a finding of negligence was not warranted. In the *Letiecq* case we said, "[S]ome latitude must be allowed to a storekeeper to use and have

near by equipment reasonably necessary for the sale of his goods. It is a matter of common knowledge that equipment of the sort here involved [foot measure and footstool] is customarily used in shoe stores. It was at all times open and obvious to the plaintiff. We are of opinion that it would be placing an unreasonable burden on the defendant's agents to have required them to anticipate that the equipment over which the plaintiff fell was a source of danger of which she should have been warned. 'There is no duty upon a land-owner to warn a business visitor of dangers, knowledge of which the landowner may reasonably assume the visitor has'" (pp. 122–123).

It is common knowledge that in supermarkets customers go up and down the aisles with grocery carts to obtain their purchases and that shelves are frequently replenished by means of trucks of the sort over which the plaintiff tripped. These devices are necessary to the conduct of such a store and the customer must be deemed to know of their presence. In the case at bar it is clear that the plaintiff had such knowledge. The presence in the aisle for a few minutes of a stock truck was not something that the storekeeper was obliged to warn against any more than in the case of a customer who had left his cart in the aisle while obtaining an article from the shelves. Compare *Robicheau* v. *Supreme Mkts. Inc.* 333 Mass. 608. We are of opinion that the evidence failed to show negligence on the part of the defendant and that its motion for a directed verdict should have been granted.

*Exceptions sustained.*
*Judgment for the defendant.*