DONALD SPRAGUE *vs.* THE GREAT ATLANTIC AND PACIFIC TEA COMPANY.

Essex.    March 9, 1961. — June 7, 1961.

Present: WILKINS, C.J., WILLIAMS, WHITTEMORE, CUTTER, & SPIEGEL, JJ.

*Negligence,* Store.

A finding of negligence on the part of the proprietor of a grocery store toward a customer having "a large hump or protuberance" on his back was not warranted by evidence merely that, while the customer was waiting for his wife and standing in a wide aisle with his feet about eight inches from a grocery conveyor which he had seen and the use of which he knew, he was struck in the back by a box of groceries coming down the conveyor, turned, and saw an employee of the proprietor who had been at the head of the conveyor hide his face and run from the store.

TORT.    Writ in the Superior Court dated August 14, 1958. The action was tried before *Fairhurst, J.*

*John D. Malone,* for the plaintiff.

*Thomas F. Daley, Jr.,* for the defendant.

SPIEGEL, J.    This is an action of tort in which the plaintiff seeks damages for personal injuries alleged to have been suffered on April 18, 1958, in a store of the defendant in the city of Lynn and caused by the negligence of the defendant's servant.    The defendant answered with a general denial and a plea of contributory negligence.    The only evidence introduced was by the plaintiff.    Following the presentation of the plaintiff's case the defendant moved for a directed verdict.    This motion was allowed and the case is before us on the plaintiff's exception to the allowance of that motion.

The testimony most favorable to the plaintiff is herewith summarized.    On April 18, 1958, the plaintiff, a man fifty-three years of age, and his wife went to the store of the defendant.    This was the first visit he had made to the store.

The plaintiff had suffered from polio in his youth which resulted in "a large hump or protuberance" on his back. After walking about the store with a wheeled carrier selecting food, the plaintiff and his wife moved to the check out stations which were located in the front of the store. She took her place in the line waiting to go past a check out station while the plaintiff took a position in front of the check out station to wait for his wife. A conveyor apparatus or rack with rollers, designed to move boxes of groceries placed on it from the inside to the outside of the store through an opening to the outside, extended along the front of the store, separated from the line of check out stations by an eight foot aisle. The plaintiff was standing in this aisle with his feet about eight inches from the conveyor rack. He stood in this position about five minutes, watching his wife at the check out station, when he was struck in the back by a box of groceries coming down the conveyor apparatus. After he was struck, the plaintiff turned and saw the box on the conveyor apparatus and also a young boy at the head of the conveyor, ten feet to his right. The boy was dressed in a white apron and white coat. While the plaintiff was looking at the boy he noticed that the boy placed his hands in front of his face and turned and ran from the store. The plaintiff had previously seen the boy working at a check out station. The plaintiff's testimony concerning the boy was corroborated by another customer called as a witness. The plaintiff testified that in the five minutes he stood next to the conveyor before he was struck there had been no use made of the conveyor but that he saw it and knew what it was used for.

There was insufficient evidence of negligence on the part of the defendant or its servants to warrant the submission of the case to the jury.

The plaintiff was in the store as a customer by the invitation of the defendant. The defendant owed to him the duty to use reasonable care to keep the premises in safe condition for his use as a customer, or at least to warn him against any dangers attendant upon this use which were

not known or obvious to him and which were either known or should have been known to the defendant in the exercise of reasonable care. *Rossley* v. *S. S. Kresge Co.* 339 Mass. 654, 656. Even if it be conceded that the defendant's premises were not in a safe condition, the danger present was known to the plaintiff. He testified "that he saw the conveyor apparatus and knew what conveyors were used for." The defendant, therefore, owed no duty to the plaintiff to warn him of the dangers involved in standing close to a conveyor or to place barriers around the conveyor. See *Mudge* v. *Stop & Shop, Inc.* 339 Mass. 763, 765. "[S]ome latitude must be allowed to a storekeeper to use and have near by equipment reasonably necessary for the sale of his goods." *Mudge* v. *Stop & Shop, Inc.* 339 Mass. 763, 764–765.

The plaintiff did not sustain the burden of proving that a servant of the defendant was negligent in starting a box of groceries down the conveyor apparatus. It was not shown that the defendant's servant should have anticipated that someone might be standing with his body projecting over the conveyor, or could have, by means of an unobstructed view, looked and seen the plaintiff before pushing the grocery box. It is not clear whether the plaintiff was standing with his back protruding over the conveyor prior to the grocery box being given its initial motion or whether he moved into that position after the grocery box was in motion or whether the movement of the conveyor belt could be heard.

This is the opinion of a majority of the court.

*Exceptions overruled.*