HELEN M. SARGENT's (dependent's) CASE.

Essex. March 3, 1964. — April 3, 1964.

Present: WILKINS, C.J., SPALDING, WHITTEMORE, KIRK, & REARDON, JJ.

*Workmen's Compensation Act,* Compensation to dependents, Illegitimate child, Decree. *Illegitimacy. Evidence,* Admissions and confessions. *Agency,* Admission by agent.

An illegitimate child of an employee is not to be treated as a "child" under the second paragraph of § 31 of the Workmen's Compensation Act, G. L. c. 152, but may be treated as a dependent under the third paragraph of § 31. [253]

An ambiguous decree of the Superior Court in a workmen's compensation case was interpreted as correctly adjudicating that an illegitimate child of an employee on whom the child was wholly dependent for support and who died in 1949 as a result of injuries sustained in 1944 was entitled to receive compensation under the third paragraph of § 31 of G. L. c. 152, as appearing in St. 1943, c. 400; and, after the insurer had paid compensation to the employee and to the child following the employee's death in amounts which totalled more than the maximum amount of compensation payable under the third paragraph, no further payments were due. [251–252, 253]

In a workmen's compensation proceeding, there was no error in excluding from the record a letter to the Industrial Accident Board purporting to be written by someone in the insurer's employ respecting its obligation to pay compensation where there was nothing to indicate what position the writer held with the insurer or that he had any authority to make any admissions affecting its rights. [253]

CERTIFICATION to the Superior Court of a decision by the Industrial Accident Board under the Workmen's Compensation Act.

The claimant appealed from a decree dismissing the claim entered by *Sullivan, J.*

*John A. McNiff (Samuel Pearl & John M. Crean* with him) for the claimant.

*Ernest W. Piper, Jr.,* for the insurer.

SPALDING, J. The facts out of which the present controversy arose are not in dispute. In April, 1944, Helen M. Sargent, an employee of Sylvania Electric Products, Inc., sustained an injury arising out of and in the course of her employment which resulted in her death on November 2, 1949. Compensation totaling $3,720 was paid to her from April 15, 1946, to her death in pursuance of an agreement filed with the Industrial Accident Board. She was unmarried and was survived by an illegitimate son, Glenn, who was born on September 16, 1944, and who at all times material was wholly dependent on his mother for support. Following the death of his mother, Glenn, through his guardian, made a claim for dependency compensation under G. L. c. 152, § 31. In May, 1952, the single member ruled that Glenn was a dependent child and was entitled to compensation as such under § 31. The reviewing board, one member dissenting, affirmed the decision of the single member and ordered weekly dependency payments of $15 from November 2, 1949, "and continuing subject to the provisions of the Act."

Upon appeal by the insurer to the Superior Court a decree was entered on December 18, 1952, that "compensation at the rate of . . . ($12.00) . . . per week is due . . . [Glenn's guardian]; that said compensation . . . is due from November 2, 1949 and continuing, subject to all the provisions of the . . . Act, and the amount due to December 9, 1952 is . . . ($1944.00) which sum shall be paid by the insurer . . . together with compensation at the rate of . . . ($12.00) . . . per week to continue subject to the provisions of the . . . Act." No appeal was taken from this decree. Payments were made by the insurer pursuant to the terms of the decree until March 2, 1954, when they were terminated. At that time the sums paid amounted to $2,712

which, added to the sum of $3,720 paid to the employee, makes a total of $6,432.

In 1962, Glenn (claimant), who had reached the age of eighteen on September 16, 1962, instituted the present proceedings before the board. The sole question, as stated by the single member, is whether the "claimant is entitled to further payments under Section 31 of Chapter 152." The single member ruled that the claimant was entitled to weekly payments of $12 from the date they were terminated (March 2, 1954) until September 16, 1962, when the claimant reached the age of eighteen. The reviewing board (except for a ruling on evidence to be discussed later) affirmed the decision of the single member and ordered the insurer to pay to the claimant the sum of $5,346.86. On appeal to the Superior Court by the insurer, a decree was entered adjudicating that the claimant was not a "child" within the purview of § 31; that he was entitled to compensation under the third paragraph of § 31 (St. 1943, c. 400); that the insured, having paid in excess of the statutory maximum of $4,000, rightly discontinued payments; and that the claim be dismissed. The claimant appealed.

The controversy, as the parties agree, turns on whether the second or third paragraph of § 31 is controlling; if the former applies the decree below cannot stand; if the latter applies the decree is right. The claimant argues that the 1952 decree was an adjudication that he was entitled to compensation as a "child" under the second paragraph of § 31 until he reached eighteen, and that since there was no appeal from that decree it is res judicata. But the basic question, as we view it, is to determine what the 1952 decree adjudicated. If the claimant was treated as a "child" he would have received $15 per week; but the decree called for weekly payments of only $12. This is consistent only with an adjudication that the claimant was entitled to compensation under the third paragraph of § 31 which deals with all "other cases of total dependency."

The claimant argues that the judge could not have determined that the third paragraph applied because under it payments are limited to a total of $4,000 from which the

$3,720 in payments to the claimant's mother must be subtracted. *Beausoleil's Case,* 321 Mass. 344. That would limit him to $280; but the 1952 decree ordered the insurer to pay him $1,944 and to continue payments "subject to all the provisions of the . . . Act." That determination does cast doubt on whether the judge applied the third paragraph but it does not necessarily indicate that he applied the second paragraph.

It is clear under our decisions that illegitimate children are to be treated under the third paragraph of § 31. *Gritta's Case,* 236 Mass. 204. *Olson's Case,* 247 Mass. 570, 572. The 1952 decree, although ambiguous, is consistent with the established interpretation and we construe it to be an adjudication that the claimant is to receive compensation under the third paragraph of § 31. Under that paragraph the maximum amount recoverable is $4,000. Since the insurer has already paid $6,432, nothing more, as the judge in the present proceedings ruled, was due the claimant, and the decree dismissing the claim was right.

When the case was before the single member he permitted the claimant, subject to the insurer's exception, to introduce a letter to the Industrial Accident Board purporting to be written by someone in the insurer's employ. The letter, dated February 11, 1953, which was in reply to a letter of the board (the contents of which do not appear), stated that "it would appear that under the decree of the Superior Court we are obligated to pay the child of the deceased $12.00 a week until he becomes 18 years old, September 16, 1962, there being no surviving parents."

The reviewing board ruled that the single member erred in admitting this letter and ordered it struck from the record. In the Superior Court the claimant moved that the letter be restored to the record and the motion was denied. There was no error. There is nothing to indicate what position the employee held with the insurer or that he had any authority to make any admissions which would affect the rights of the insurer. See *Rankin* v. *Brockton Pub. Mkt. Inc.* 257 Mass. 6, 11.

*Decree affirmed.*