*Northern District*
No. 5925
**LORETTA DOHERTY**
v.
**FIRST NATIONAL STORES, INC.**
Filed September 24, 1964

*Present*: *Brooks*, P. J., Eno & Connolly, JJ.

Case tried to *Parker, J.* in the Third District Court of Eastern Middlesex. No. R1144 of 1962.

*Brooks, P. J.* This is an action of tort for injuries received by plaintiff when coffee cans toppled upon her from a display table in defendant's store. The declaration count 1 alleged negligence on the part of defendant's agents or servants in leaving a freight dolly unattended on its wheels and empty in the aisle of defendant's store.

Defendant answered general denial, contributory negligence and assumption of risk.

*There was evidence as follows*:

Plaintiff, a customer in defendant's store, was either in the act of walking from one aisle to another or she was standing at the end of the aisle near the "end display" as it was called in the report. This "end display" consisted of a table or platform on which had been erected a pyramid of coffee cans set in wire baskets. This table was next to, and in contact with, a long display case separating two aisles. The table was heavy enough to require two men to lift it and was about as high as plaintiff's waist,—her height being 5' 2". The top of the pyramid of cans was 8' to 9' above the floor.

Another customer was pushing a "grocery cart" down the next aisle in the direction of plaintiff. The cart hit the dolly which had been left in the aisle *by one of defendant's employees.* The dolly was 4″ to 5″ high. While it was first described in the report as empty, in another part of the report it was stated that after the accident, the manager instructed the employee in charge of the dolly to finish unloading it and take it away.

The grocery cart hit the dolly, pushing it against the "end display" disturbing the pyramid of cans,—some of which fell upon and injured plaintiff. The wire baskets which contained the coffee cans were not attached to the table but were inside a half-inch lip which ran around three sides of the table. After the accident one of the baskets and some coffee cans were on the floor.

Defendant filed the following requests for rulings:

1. The evidence does not warrant a finding that the defendant, First National Stores, Inc., its agents or servants were negligent.

2. The evidence does not warrant a finding other than that the negligence of the plaintiff contributed in whole or in part to cause the alleged injuries and damage.

3. The evidence does not warrant a finding that the negligence of the defendant, First National Stores, Inc., proximately caused the alleged injuries and damage.

4. As a matter of law the defendant, First

National Stores, Inc., breached no legal duty owed by it to the plaintiff.

The court denied all of defendant's requests and found for plaintiff on count 1. Defendant claims to be aggrieved by these denials.

The issue in this case is raised by the denial of defendant's requests ##1, 3 and 4, all relating to the negligence of the defendant's agents or servants. No question is raised as to plaintiff's due care. The alleged negligence of defendant consists under the declaration in its employee leaving the dolly empty and unattended in the aisle.

The responsibility of the store owner to a customer is often stated to be the duty to use reasonable care to keep the premises in a safe condition for his use as a customer or at least to warn him against any dangers attendant upon this use which were not known or obvious to him and which were either known or should have been known to the defendant in the exercise of reasonable care. *Rossley v. S. S. Kresge Co.,* 339 Mass. 654, 656; *Sprague v. The Great Atlantic & Pacific Tea Co.,* 342 Mass. 711, 712.

The case before us is governed by *Mudge v. Stop & Shop, Inc.,* 339 Mass. 763 and by *Letiecque v. Denholm & McKay Co.,* 328 Mass. 120. In the first case plaintiff fell over a stock truck which had been left in the aisle. In the second case plaintiff fell over a foot stool and foot measure in the aisle of a shoe store. Language of the court in these two cases is applicable to the present case. In

*Mudge v. Stop & Shop, Inc.* the court said: "It is common knowledge that in supermarkets customers go up and down aisles with grocery carts to obtain their purchases and that shelves are frequently replenished by means of trucks of the sort over which the plaintiff tripped. These devices are necessary to the conduct of such a store and the customer must be deemed to know of their presence. The presence in the aisle for a few minutes of a stock truck was not something that the storekeeper was obliged to warn against any more than in the case of a customer who had left his cart in the aisle while obtaining an article from the shelves . . . . . "

In *Letiecque v. Denholm & McKay Co.* the court said:

" . . . . . Some latitude must be allowed to a storekeeper to use and have nearby equipment reasonably necessary for the sale of his goods. It is a matter of common knowledge that equipment of the sort here involved is customarily used in shoe stores. It was at all times open and obvious to the plaintiff . . . . . it would be placing an unreasonable burden on the defendant's agents to have required them to anticipate that the equipment over which the plaintiff fell was a source of danger of which she should have been warned."

See also *Rouillard* v. *F. W. Woolworth Co.*, 346 Mass. 774 and *Furtado* v. *Emerson Rug Co., Inc.*, 347 Mass. 767.

In the present case the only negligence appears to be that of the customer who carelessly pushed his cart against the

dolly which in turn hit the display table knocking over the basket containing coffee cans. Defendant is not responsible for injuries to one customer caused by the carelessness of another customer. *Waughn v. The Great Atlantic & Pacific Tea Co.*, 317 Mass. 230, unless it too is negligent.

We find no negligence here on the part of defendant. Leaving the dolly in the aisle unattended is not evidence of negligence. *Letiecque v. Denholm & McKay Co.*, supra and cases cited p. 122.

There was no duty on defendant to warn customers of the presence of the dolly nor could defendant reasonably have anticipated the chain of events which caused plaintiff's injuries. There was, consequently, prejudicial error in the court's denial of defendant's requests for rulings ##1, 3 and 4.

*The finding for plaintiff is to be vacated and a finding entered for defendant.*

Thomas F. Reardon & James P. O'Connell, of Boston, for the Plaintiff.

Badger, Parrish, Sullivan & Frederick, of Boston, for the Defendant.