Rescript Opinions.

ATHOS V. LONGO vs. PROGRESSIVE WORKMEN'S CREDIT UNION. October 31, 1968. The plaintiff appealed from a final decree dismissing a bill in equity in which he sought to restrain a foreclosure of real estate. The trial judge found that the plaintiff "did not fulfill his promise" to make a certain payment on his mortgage. The judge also ruled that "the promise not to go ahead with the foreclosure proceedings was without consideration." There was no error. *Tri-City Concrete Co. Inc.* v. *A. L. A. Constr. Co.* 343 Mass. 425.

*Decree affirmed.*

*Marvin H. Margolies* for the plaintiff.
*Burton J. Hass & Kenneth M. Goldberg*, for the defendant, submitted a brief.

OSCAR LIDONNI, INC. vs. WILLIAM M. FORAN. October 31, 1968. This appeal, as presented on an inadequate record, is inscrutable. The defendant, who is the only party to submit a brief, describes the case as "an appeal from the denial of a petition to establish a report in the Appellate Division" for the Northern District. The Appellate Division held that there was no compliance with Rule 30 of the Rules of the District Courts (1965). We assume that this was the applicable rule. The defendant argues that the Appellate Division should have considered the merits of the District Court decision. The only decision on the merits was in the trial of this action of contract for labor and materials. After a finding for the plaintiff, the defendant's motion for a new trial was denied. The alleged errors were denial of the motion and the refusal of three requests for rulings. The defendant was not entitled to a new trial because, as he asserts, he was not represented by counsel at the original trial or because the finding was against the weight of the evidence in that the plaintiff had accepted a check in full payment of his claim. *Whittaker Chain Tread Co.* v. *Standard Auto Supply Co.* 216 Mass. 204, 208. There was nothing to show an abuse of discretion in failing to conclude that the finding for the plaintiff was against the weight of the evidence. *Daddario* v. *Gloucester*, 329 Mass. 297, 301.

*Order denying petition to
establish report affirmed.*

*William J. Carr*, for the defendant, submitted a brief.
No argument or brief for the plaintiff.

MARY ODELL THACKER vs. BLAIR'S FOODLAND, INC. October 31, 1968. The plaintiff, a business invitee, was injured when she fell over a "four-wheel open dolly truck" in the defendant's supermarket. The truck was eight to ten inches high and was of 'the type used in the store for stocking the shelves." The accident occurred just after the plaintiff had selected some canned goods from one of the shelves and had turned to go to the check-out counter. When she entered the aisle where the canned goods were located, "she did not see any dolly truck or other equipment . . . in the aisle." The truck was empty and unattended. Following a verdict for the plaintiff the judge, under leave reserved, entered a verdict for the defendant, and the correctness of this action presents the sole question for decision. There was no error. The case is governed by *Mudge* v. *Stop & Shop, Inc.* 339 Mass. 763, where it was said at page 765, "These . . . [ trucks] are necessary to the conduct of . . . [ a supermarket] and the customer must be deemed to know of their presence. . . . The presence in the aisle for a few minutes of a stock truck was not something that the storekeeper was obliged to warn against any more than in the case of a customer who had left his cart in the aisle while obtaining an article from the shelves."

*Exceptions overruled.*

The case was submitted on briefs.
*Louis Goldstein* for the plaintiff.
*William E. Howell* for the defendant.