BEATRICE SPRING vs. FOODMASTER SUPER MARKET, INC. March 22, 1974. This action in tort was brought to recover damages for personal injuries received by the plaintiff when, in the darkness, she tripped and fell over an automobile "bumper-block" in an unlighted parking lot controlled by the defendant and located next to its store. The accident occurred as the plaintiff, after leaving a friend's parked automobile, was proceeding toward the store to do some shopping. The jury returned a verdict for the plaintiff. The defendant has excepted to the denial of its motion for a directed verdict. Taken in its aspect most favorable to the plaintiff, there was evidence to support the verdict. *Donnelly* v. *Larkin,* 327 Mass. 287, 289 (1951). *Lee* v. *Allied Sports Associates, Inc.* 349 Mass. 544, 545 (1965). Only where no view of the evidence would warrant a jury in finding the defendant negligent can it be held as a matter of law that the plaintiff cannot recover. See *Mudge* v. *Stop & Shop, Inc.* 339 Mass. 763, 764-765 (1959). The jury could have found that the plaintiff was a business invitee to whom the store owner owed a duty to "use reasonable care to keep the premises in a reasonably safe condition for the . . . [invitee's] use." *Schallinger* v. *Great Atl. & Pac. Tea Co.* 334 Mass. 386, 390 (1956). *Leonardo* v. *Great Atl. & Pac. Tea Co.* 340 Mass. 450, 455 (1960). "What constitutes the required care and diligence is a question of fact." *Luz* v. *Stop & Shop, Inc. of Peabody,* 348 Mass. 198, 203 (1964). From the evidence the jury could also have found that the "bumper-blocks" had been placed haphazardly so no pattern could be anticipated, that the defendant had failed to delineate the blocks from the surface of the lot by use of contrasting color or other means of demarcation, and that the defendant was negligent in failing to light the parking area during the hours of darkness with the result that the plaintiff, while in the exercise of due care, was injured. There was no error.

*Exceptions overruled.*

*Francis X. Kiley* for the defendant.
*Thomas B. Shea* for the plaintiff.