ANNA ROMANO *vs.* MASSACHUSETTS PORT AUTHORITY & another. June 25, 1975. The plaintiff sought to recover for personal injuries sustained when she fell in a parking lot at Logan International Airport on September 24, 1966. A verdict in her favor was returned against both the Massachusetts Port Authority (MPA) and Airport Auto Park, Inc. (Airport). An execution issued against MPA and was paid. The issue presented by Airport's bill of exceptions is the correctness of the trial judge's denial of its motion for a directed verdict. Our disposition of this issue renders unnecessary our consideration of MPA's amended bill of exceptions. The essence of the latter is the denial of MPA's several motions directed toward its participation in the hearing on Airport's bill of exceptions for the purpose of preserving MPA's claim for contribution by Airport as a joint tortfeasor in an action brought by MPA against Airport in the Superior Court under the provisions of G. L. c. 231B. The judge was correct in denying Airport's motion for a directed verdict. There was evidence that the plaintiff arrived at the airport at 9:30 P.M. and that the driver of the car in which she was a passenger parked in a parking lot which was operated twenty-four hours a day by Airport under an agreement between MPA and Airport. It was dark and the lights at the parking lot were unlit. After leaving the car, the plaintiff walked on a wooden pedestrian walkway to an airline terminal. She left the terminal at 10:10 P.M. and returned to the lot along the same walkway. At some point she was obliged to step off the walkway and into the parking lot because cars parked across the walkway obstructed her passage. As she walked between two cars in the lot she fell in the darkness over one of the large wooden railroad ties which were being used both to separate sections of the parking lot and as tire bumpers against which cars were parked. Since it could have been found that Airport was in control of the parking lot, it owed a duty to the plaintiff as a lawful visitor to use reasonable care to keep the premises in reasonably safe condition. See *Mounsey* v. *Ellard,* 363 Mass. 693, 707 (1973); *Bouchard* v. *DeGagne,* 368 Mass. 45, 47-50 (1975). See also *Spring* v. *Foodmaster Super Market, Inc.* 2 Mass. App. Ct. 808 (1974), and cases cited. From the evidence, the jury could have found that because of the position of the cars blocking the crosswalk, the plaintiff was obliged to change her direction, and furthermore that the railroad tie was "haphazardly placed" (see *Spring* v. *Foodmaster Super Market, Inc., supra;* contrast *Brooks* v. *Sears Roebuck & Co.* 302 Mass. 184, 186-187 [1939]), thereby creating a dangerous condition of which Airport either knew or should have known (see *Deagle* v. *Great Atl. & Pac. Tea Co.* 343 Mass. 263, 265 [1961]), and that the plaintiff's injury was caused by Airport's failure to warn of the danger. *Kelley* v. *Goldberg,* 288 Mass. 79, 83 (1934). *Vance* v. *Gould,* 355 Mass. 104, 107 (1968). That Airport was not in

control of the parking lot lights (which were not lighted on the night of the accident) would not relieve it of a duty to warn its lawful visitors of a danger which existed on premises under its control; that Airport was not responsible for the placement of the ties would not relieve it of liability for a dangerous condition of which it either knew or should have known. *Young* v. *Food Fair, Inc.* 337 Mass. 323, 324 (1958). In the circumstances, it cannot be said that the plaintiff was contributorily negligent as a matter of law. See *Lindgren* v. *Marraffa,* 350 Mass. 376, 379 (1966). MPA's exceptions are deemed to be waived; Airport's exceptions are overruled.

*So ordered.*

*Richard L. Neumeier* (*Philander S. Ratzkoff* with him) for Airport Auto Park, Inc.

*William H. Shaughnessy* for Massachusetts Port Authority, intervener.

*Robert L. Caporale,* for the plaintiff, submitted a brief.