FRANCIS W. SIMONOKO & another[1] *vs.* STOP & SHOP, INC. November 30, 1978. The plaintiffs, husband and wife, appeal from a judgment dismissing their complaint in this tort action. The judge considered the case on the defendant's motion for summary judgment. In effect, the parties stipulated to the evidence most favorable to the plaintiffs. The wife stepped on a bottom shelf in the defendant's store to reach a bottle at the back of a top shelf, and, as she came down, she caught her nose on a hook about five inches long. The hook, which was attachable "by a squeezing action," was of a type used to display merchandise at the defendant's store and at other stores, including the store in which the wife worked. There was no warning to indicate the presence of the hook. Over the defendant's objection, the wife would have sought to testify that the store manager told her, on the way to the hospital following the accident, that he had informed the defendant company that the hooks were unsafe and very dangerous and that the store should get rid of them. The judge ruled that this evidence was inadmissible.

1. The manager's statements were not admissible. The plaintiffs concede that the manager's statements would be admissible only if made within the scope of his authority. They argue that taking injured customers to the hospital was "within the scope and course of the manager's employment," and that this fact would permit a finding

---

[1] Francine Simonoko.

that the manager was authorized to make the statements he made about the hooks. That conclusion is not warranted. On the principles which the plaintiffs grant are applicable in determining whether the manager's statements were admissible, there is no showing of the manager's authority to speak for the defendant. See *Bristol Wholesale Grocery Co.* v. *Municipal Lighting Plant Comm'n of Taunton*, 347 Mass. 668, 671 (1964); *Sargent's Case*, 347 Mass. 250, 253 (1964); *Sacks* v. *Martin Equip. Co.*, 333 Mass. 274, 279-280 (1955). Cf. *Rosenston* v. *Bickford Shoes, Inc.*, 340 Mass. 769, 772-773 (1960) (statements by defendant company's president). We note, however, that the manager's statements were not inadmissible merely because they were opinions. See K. B. Hughes, Evidence § 515 (1961); W. B. Leach & P. J. Liacos, Massachusetts Evidence 194-195 (4th ed. 1967).

2. On the admissible evidence, the defendant was entitled to a judgment in its favor. Cases in which a finding of negligence on the part of a retailer was warranted and those in which no such finding was warranted are collected in *Letiecq* v. *Denholm & McKay Co.*, 328 Mass. 120, 122 (1951). For more recent cases, compare *Vance* v. *Gould*, 355 Mass. 104 (1968) (box left on floor), where a finding of negligence was warranted, with *St. Rock* v. *Gagnon*, 342 Mass. 722 (1961) (jack handle at service station), *Sprague* v. *Great Atl. & Pac. Tea Co.*, 342 Mass. 711 (1961) (box of groceries coming down conveyor belt), and *Mudge* v. *Stop & Shop, Inc.*, 339 Mass. 763 (1959) (stock truck in aisle), where a finding of negligence was not warranted. There was no evidence that the display of goods from such hooks or the presence of the hooks could be viewed as unreasonable, considering the nature of the business, and there was no showing that the location of the hooks was unreasonable.

*Judgment affirmed.*

*Louis Kerlinsky* for the plaintiffs.
*Charles W. Brids* for the defendant.