Forte, J.
This is an action in tort to recover for injuries sustained by plaintiff Angel Demirgian when she tripped and fell over an unattended stock-cart in the defendant’s supermarket aisle.[2]
The trial court entered summary judgment for the defendant, and the plaintiff *76 now appeals the allowance of the defendant’s Dist./Mun. Cts. R. Civ. R, Rule 56 motion.
The parties’ Rule 56 materials included the pleadings, affidavits, answers to interrogatories and deposition testimony. Construing such evidence in the light most favorable to the plaintiff and according her the benefit of all favorable inferences, Parents. Stone & Webster Eng. Corp., 408 Mass. 108, 112-113 (1990), the following is indicated: On the day in question, the plaintiff was lawfully on the defendant’s supermarket premises for the purpose of grocery shopping. She entered the frozen food aisle, reached up to obtain packages of spinach, turned and took one step to place the spinach in her shopping basket and fell over an empty, unattended stock-cart. In consequence of her fall, the plaintiff sustained a torn rotator cuff and other injuries.
A stock-cart is a metal dolly or loading truck used exclusively by supermarket employees to move merchandise from storage areas to replenish store shelves. The defendant’s own rules mandated that stock-carts not be left unattended in store aisles, and that they be removed from the floor if employees were to leave the area for any time. See Kushner v. Dravo Corp., 339 Mass. 273, 277 (1959) (violation of defendant’s own rules as evidence of negligence).
There were no other customers in the frozen food aisle at the time in question, and no one witnessed the plaintiff’s fall. The defendant contends that the stock-cart had been left in the aisle “prior to [the plaintiffs] arrival at the scene.” There is, however, nothing in the report to support this assertion. Moreover, the plaintiff’s answer to defendant’s interrogatory number 6C states:
I did not see this cart until after I had fallen. It was not there when I went over to the frozen food locker which contained the frozen spinach, and I did not see it when I turned to place my spinach into my basket because the cart was very low to the ground and there was nothing on the cart at that time.
The deposition of defendant’s employee Heffernan indicates that the stock-cart in question was used “by the frozen food man to restock the shelves.” Immediately after the plaintiff’s fall, she noticed a supermarket employee replenishing the orange juice shelves at the end of the frozen food aisle. The plaintiff’s complaint alleges, inter alia, that the defendant or its employees negligently placed the stock-cart in her path and failed to maintain the aisles in a safe and passable condition.
Summary judgment may be granted only where there are no genuine issues of material fact in dispute, and where a finding for the moving party is required as a matter of law. Dist./Mun. Cts. R. Civ. R, Rule 56(c). See generally, Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community Nat’l Bank v. Dawes, 369 Mass. 550, 553 (1976). The burden of affirmatively demonstrating both the absence of a triable issue and its entitlement to judgment was on the defendant herein as the Rule 56 moving party. Pederson v. Time, Inc., 404 Mass. 14, 17 (1989).
The defendant contends that it is entitled to summary judgment based on the following rule of Thacker v. Blair’s Foodland, Inc., 354 Mass. 774 (1968), and its predecessor authority, Mudge v. Stop & Shop, Inc., 339 Mass. 763 (1959):
It is common knowledge that in supermarkets customers go up and down the aisles with grocery carts to obtain their purchases and that shelves are frequently replenished by means of trucks of the sort over which the plaintiff tripped. These devices are necessary to the conduct of such a store and the customer must be deemed to know of their presence. ... The presence in the aisle for a few minutes of a stock truck was not something that the storekeeper was obliged to warn against any more than in the case of a customer who had left his cart in the aisle while obtaining an article from the shelves.
*77 Id. at 765. Both Thacker and Mudge are, however, factually distinguishable from the instant case. In Thacker, the plaintiff did not see the dolly truck in the aisle and tripped over it; while in Mudge, the store patron saw the stock truck in the aisle, but forgot it was there when she stopped to talk to an acquaintance, and then fell over it. In the present case, there is evidence that the stock-cart was not in the aisle when the plaintiff entered it and approached the frozen food chest. It may be inferred in the plaintiffs favor for Rule 56 purposes that an employee of the defendant negligently placed the cart behind the defendant. The defendant’s unsubstantiated, contrary assertion that the cart was already in the aisle when the plaintiff entered it simply underscores the necessity of a trial on the merits to resolve this material issue of fact.
Neither Thacker, nor Mudge, were decided on the basis of summary judgment which is rarely sought or granted in negligence actions. Inferrera v. Sudbury, 31 Mass. App. Ct. 96, 102-103 (1991); Foley v. Matulewicz, 17 Mass. App. Ct. 1004, 1005 (1984). The reason is that the issue of whether a landowner has exercised the requisite reasonable care owed to all lawful visitors is an inherently factual question. Luz v. Stop & Shop, Inc. of Peabody, 348 Mass. 198, 203 (1964); Spring v. Foodmaster Super Market, Inc., 2 Mass. App. Ct. 808 (1974). A determination that summary judgment should not have been entered in this negligence case is also consistent with the familiar Rule 56 standard that all evidence must be considered “with an indulgence in the opposing party’s favor,” Anthony’s Pier Four, Inc. v. Crandall Dry Docks Eng., Inc., 396 Mass. 818, 822 (1986), and all doubts resolved against the moving party. Conley v. Massachusetts Bay Tranp. Auth., 405 Mass. 168, 173 (1989); Kaitz v. Foreign Motors Inc., 25 Mass. App. Ct. 198, 202 (1987). “A toehold ... is enough to survive” a Rule 56 motion, Marr Equip. Corp. v. I.T.O. Corp. of New England, 14 Mass. App. Ct. 231, 235 (1982), and summary judgment should not be granted “merely because the facts [the movant] offers appear more plausible than those tendered in opposition, or because it appears that the adversary is unlikely to prevail at trial.” Hayden v. First Nat’l Bank, 595 F.2d 994, 997 (5th Cir.1979). See also, Parent v. Stone & Webster Eng. Corp., supra at 113.
Accordingly, the trial court’s allowance of the defendant’s Rule 56 motion is reversed, and its entry of summary judgment for the defendant is hereby vacated. This matter is returned to the Cambridge Division for trial.
So ordered.

mie complaint also included a claim for loss of consortium by the plaintiffs now deceased husband, Khatchik Demirgian.