Greco, J.
This is an action in tort to recover for personal injuries sustained by plaintiff Angel Demirgian when she tripped and fell over an unattended stock cart in the defendant’s supermarket aisle.[2] After trial, judgment was entered for the plaintiff in the amount of $17,500.00, and the defendant brought this appeal pursuant to Dist./Mun. Cts. R. A. D. A., Rule 8C.
This is the second appeal of this case to the Appellate Division. In August, 1993, the defendant filed a motion for summary judgment based on the rule of Mudge v. Stop & Shop, Inc., 339 Mass. 763 (1959) that
[t]he presence in the aisle [of a supermarket] for a few minutes of a stock truck was not something that the storekeeper was obliged to warn against any more than in the case of a customer who had left his cart in the aisle while obtaining an article from the shelves.
Id. at 765. See also, Thacker v. Blair’s Foodland Inc., 354 Mass. 774 (1968). The defendant’s motion was allowed, and the plaintiff appealed.
On the first appeal, this Division acknowledged Ihe Mudge rule, but also recognized that summary judgment can “rarely” be granted in negligence actions, Manning v. Nobile, 411 Mass. 382, 388 (1991), because “the issue of whether a landowner has exercised the requisite reasonable care owed to all lawful visitors is an inherently factual question.” Demirgian v. Star Market Co., 1994 Mass. App. Div. *175 75, 77. See also, Roderick v. Brandy Hill Co., 36 Mass. App. Ct. 948, 949 (1994); Noble v. Goodyear Tire & Rubber Co., 34 Mass. App. Ct 397, 402 n.2 (1993). Also noted were the familiar summary judgment standards that:
all evidence must be considered ‘with an indulgence in the opposing party’s favor,’ and all doubts resolved against the moving party. [Citations omitted]. ‘A toehold is... enough to survive’ a Rule 56 motion, and summary judgment should not be granted ‘merely because the facts [the movant] offers appear more plausible that those tendered in opposition, or because it appears that the adversary is unlikely to prevail at trial’ [Citations omitted].
Demirgian v. Star Market Co., supra at 77, and cases cited. Upon review of the Rule 56 materials presented on the first appeal on the basis of these standards, it was determined that the record contained evidence that the stock cart in question was not in the aisle when the plaintiff entered it. This evidence, which was disputed by the defendant, permitted an inference that an employee of the defendant's negligently placed the cart directly behind the plaintiff while she was reaching into a frozen food case. Such a negligent act, if proven at trial, would have constituted something more than the mere leaving of a cart unattended in a store aisle, and could have thus distinguished this case fromMudge. Given the existence of this disputed fact, with its implications in favor of the plaintiff, this Division reversed the trial court’s allowance of the defendant’s summary judgment motion, albeit with some degree of pessimism at the plaintiff’s likelihood of prevailing at trial.
After trial, the court did indeed find for the plaintiff and assessed damages in the amount of $17,550.00. The trial judge did not file any findings of fact, but allowed both the plaintiff’s requests for findings of fact and the plaintiffs requests for rulings of law, which he treated as requests for findings of fact. The findings requested by the plaintiff and allowed by the trial judge included the following: The frozen food aisle in the defendanf s supermarket was eighty-four feet long and between twelve to fourteen feet wide, with freezers on both sides of the aisle. The section of the aisle through which the plaintiff walked to reach the frozen vegetable case was free of any obstacle. The plaintiff turned toward the case, opened the glass door, and selected two packages of frozen spinach. She then closed the door, turned toward the aisle, took a single step forward and tripped over a metal “dolly” used by supermarket employees to stock shelves. The plaintiff fell forward onto the dolly, and struck her arm and shoulder against its metal frame. The dolly was built close to the ground with a base fifteen inches above the floor, and was empty when the plaintiff tripped over it. The dolly had been left unattended in the frozen food aisle by a market employee. The trial judge concluded that the defendant “violated its duty to keep its premises in a reasonably safe condition when... [its] metal dolly... was negligently left empty and unattended in a shopping aisle of the defendant’s store at a time when the defendant knew or should have known that the presence of such an object created a hazard to its customers.’[3]
1. The defendant prosecuted this appeal on a charge of error in the trial court’s denial of its request for ruling of law number 2, which stated:
Upon all the evidence and as a matter of law, the presence in the aisle for a few minutes of a stock truck described by the Plaintiff by itself did not create a duty for the Defendant to warn against it [citations omitted].
Although obviously intended to apprise the trial court of the controlling principle of law in this case, defendant’s request number 2 is inexplicably cluttered with the inappropriate boilerplate language “upon all the evidence.” Such phrase is properly utilized *176 only in a request for ruling of law which tests the sufficiency of the evidence to permit or require a finding in favor of the requesting party, and is meaningless in a request for ruling which sets forth a pure proposition of law for the trial courtis adoption. The July 1,1994 promulgation of Dist./Mun. Cts. R Civ. P., Rule 64A, which replaced former Rule 64 as the method of preserving issues of law for appellate review in district court civil actions, is designed to eliminate much of the needless confusion generated by the careless drafting of requests for rulings. Rule 64A clearly distinguishes requests directed to the legal sufficiency of the evidence from all other requests for rulings of law, and sets forth the appropriate form for such requests in subsection (b).
However inartfully drawn, defendant’s request for ruling number 2 correctly stated the Mudge v. Stop & Shop, Inc., supra, rule, and should have been allowed by the trial court. That rule still appears to the law in this Commonwealth, and was recognized as such in this Division’s prior review of the defendant’s summary judgment motion. We do not agree with the plaintiff that the passage of the comparative negligence statute, G.L.c. 231, §85, and its subsequent amendment by St. 1973, c. 1123, cast doubt on the continued validity of the rule enunciated vaMudge and reaffirmed in Thacker v. Blair’s Foodland, supra. Indeed, these cases have been cited uncritically by the Supreme Judicial Court and the Appeals Court since those legislative enactments. See Simonoko v. Stop & Shop, Inc., 376 Mass. 929, 930 (1978); Spring v. Foodmaster Super Market, Inc., 2 Mass. App. Ct. 808 (1974).
2. Having rejected the Mudge rule, the trial court did not proceed to indicate by findings of fact that its ultimate judgment was not based on erroneous law. See Russell v. First Nat’l Stores, Inc., 335 Mass. 768 (1957); Gustafson v. Metropolitan Trans. Auth., 333 Mass. 769, 770 (1956); Brodeur v. Seymour, 315 Mass. 527, 530 (1944). The trial judge made no independent findings of fact. The requests for findings which he did allow indicate only that the particular section of the store aisle through which the plaintiff walked before reaching the freezer case “was free of any obstacle,” and that after closing the case, the plaintiff “took a single step forward” before tripping over the stock cart. It is not clear whether the plaintiff’s “single step” was in the direction from which she had just come where there had been no obstacle in the aisle, in the opposite direction down the aisle, or toward the opposite side of the aisle. Thus it cannot be determined from this finding whether the trial court found that the cart had been left in the aisle for some period of time, a scenario to which Mudge would apply, or that the cart had instead been placed behind the plaintiff just as she was reaching into the freezer case.
Nor is there anything in the evidence to establish conclusively that the trial court’s denial of defendant’s request number 2 was harmless error. Indeed, the evidence actually introduced at trial was less than the plaintiff’s averments in opposition to the defendants summary judgment motion. In the materials reviewed by this Division on the first appeal, the plaintiff affirmatively stated: (1) that the stock cart was not in the aisle as she proceeded to the frozen food case, and (2) that immediately after her fall, she observed a store employee replenishing orange juice shelves at the end of the aisle. As noted, if the plaintiff had presented such evidence at trial, the court could have reasonably inferred in the plaintiff’s favor that a store employee brought the dolly into the aisle and carelessly placed it behind the plaintiff just before he began to restock the shelves. Such evidence was not, however, introduced at trial. The plaintiff did not testify that the cart was in fact not in the aisle, but stated only that nothing drew her attention as she was coming into the aisle. With respect to store employees, the plaintiff testified only that she saw two customers who called out to a store employee at the end of the aisle near the orange juice section, but that she did not know what this employee was doing there.
3. As the trial court’s denial of defendant’s request for ruling number 2 was error, the court’s judgment for the plaintiff is hereby vacated. A new trial is ordered.

The complaint also included a claim for loss of consortium by the plaintiff’s now deceased husband, Khatchik Demirgian, which has since been withdrawn.

This is the text of plaintiff’s request for ruling of law number 3, which the trial court allowed as a request for a finding of fact.