Welsh, J.
This is a civil action sounding in tort for personal injuries sustained by a customer while shopping in a supermarket owned and operated by the defendants.
The court found for the plaintiff and awarded damages in the sum of $12,500.00.
Defendant appealed agreeable to Rules 3 and 8C, Dist./Mun. Cts. R. A. D. A, contending that the trial judge erred in denying its motion for involuntary dismissal under Rule 41(b) (2), Dist./Mun. Cts. R. Civ. P. and in its action on certain requests for rulings of law.
There was no prejudicial error.
1. Denial of a motion for involuntary dismissal at the close of the plaintiffs case presents no issue for appellate review if the defendant elects to present evidence in its own behalf. Such election constitutes a waiver of the right to appellate review. The motion was not renewed at the close of the defendant’s case.
2. The actions by the trial judge allowing requests for rulings of law sought by the appellant present no issues for appellate review. A party cannot predicate a claim of error based upon the allowance of a ruling he requests.
3. If an appellant contends that the general finding of a trial judge is inconsistent with a ruling made by the judge, the proper remedy is to bring a motion to correct the inconsistency or a motion for a new trial, Biggs v. Densmore, 323 Mass. 106, 108 (1948); Kelsey v. Hampton Court Hotel Co., 327 Mass. 150, 153 (1951). If the aggrieved party fails to bring such motions, the question of inconsistency is not properly before the Appellate Division. Raytheon Mfg. Co. v. Indemnity Ins. Co. of North America, 333 Mass. 746, 749 (1956); Vieira v. Balsamo, 328 Mass. 37, 39 (1951).
4. The correct method for the defendant to challenge the sufficiency of evidence to warrant a finding for the plaintiff was to file a request for ruling substantially in the form required by Rule 64A(b)(2), Dist./Mun. Cts. R Civ. R None of the requests filed by the defendant squarely raises the issue of the sufficiency of evidence to warrant a finding for the plaintiff. Indeed, some of the requests for rulings relate to a fragmentary portion of the evidence or to an issue not decisive of the case. See Stella v. Curtis, 348 Mass. 458, 462 (1965).[1]
5. The defendant-appellant’s main thrust on this appeal stems from what we consider a misreading or a misapplication of the case of Mudge v. Stop & Shop, Inc., 339 Mass. 763 (1959). The defendant seems to contend that the presence of stock *2 trucks in the aisle of Shaw’s cannot be a predicate for a finding of liability to the plaintiff. We do not construe Mudge, or any of the other cases cited by the defendant, as establishing a per se rule of non-liability when a customer trips and falls on a stock truck used to replenish merchandise in a store. In Mudge, the plaintiff appears to have taken one or two steps before tripping over the stock truck. She saw the stock truck ahead of her better than halfway down the aisle and had engaged in conversation with an acquaintance and fell when she walked into and fell over the cart. Id. at 764. In the instant case the cart, which was approximately 6 feet long, was positioned lengthwise, parallel to a cheese counter. The plaintiff became boxed in by other customers while selecting a product on the cheese counter and fell through the nearly empty stock truck as she turned to leave. In contrast to Mudge, the Supreme Judicial Court upheld a jury verdict for a customer who was injured as she was in the act of turning and before she had taken a step. Robicheau v. Supreme Markets, Inc., 333 Mass. 608 (1956). In answer to the defendant’s contention that the plaintiff’s own negligence barred her recovery, the Court stated:
The plaintiff was not bound at her peril to keep in her mind the state of the floor and the aisle behind her while she was pre-occupied with weighing the issues involved in a possible purchase. She was entitled to room in which to turn around and observe again the state of the open space through which she was again about to walk. Id. at 610.
We conclude that the trial judge as a finder of fact was entitled to find as he did that the defendant was negligent in the circumstances presented.
The defendant’s appeal is dismissed.
So ordered.

 An example is Request for Ruling number 5. ‘Trucks such as used by Shaw’s in this case are necessary to the conduct of the store and a customer must be deemed to know of their presence.”